UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY C. HARRY and KAREN C. HARRY,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, APEX MORTGAGE SERVICES, FIDELITY NATIONAL TITLE GROUP, AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, MORTGAGE ELECTRONIC RECORDING SYSTEM, INC., OCWEN LOAN SERVICING and KORDE & ASSOCIATES,<br><br>*Defendants*. | CIVIL ACTION NO. 16-10895 |

**MOTION TO DISMISS FILED BY DEFENDANTS AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND OCWEN LOAN SERVICING, LLC**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants, American Home Mortgage Servicing, Inc. ("AHMSI"), Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-2, Mortgage-Backed Pass-Through Certificates Series 2007-2 ("Deutsche Bank as Trustee"), Homeward Residential, Inc. ("Homeward"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Ocwen Loan

Servicing, LLC ("Ocwen")[1] (collectively, the "Defendants"), move to dismiss the amended complaint ("Amended Complaint") filed by the Plaintiffs, Timothy C. Harry ("Mr. Harry") and Karen C. Harry ("Ms. Harry") (collectively, the "Plaintiffs" or "Borrowers").

Plaintiffs' claims against the Defendants all arise out of a refinance loan that American Brokers Conduit ("American Brokers") granted to the Plaintiffs on December 21, 2006 (the "Loan"). (Amended Complaint, ¶¶ 15, 58, 61.) Plaintiffs' Amended Complaint alleges violations of the Truth In Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Racketeer Influenced and Organizations Act ("RICO") and the Fair Debt Collection Practices Act ("FDCPA"), violations of Massachusetts General Law ("M.G.L.") c. 186, 266, and 268 in violation of M.G.L. c. 93A, claims fraud and slander of title, and seeks rescission of the Loan pursuant to TILA. Plaintiffs seek a declaration of the Court that the Loan and all related loan documents be deemed "null and void," as well as actual damages, statutory damages, costs, and punitive damages.

Each of Plaintiffs' claims against MERS, Deutsche Bank as Trustee and the Servicing Defendants should be dismissed because they are all time-barred by the applicable statutes of limitations. Moreover, in addition to being untimely, Plaintiffs' claims should also be dismissed because the Amended Complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiffs' claims should be dismissed because, *inter alia*: (1) Plaintiffs have failed to satisfy the particularity requirements for a fraud claim; (2) Plaintiffs did not identify any provision of TILA that the Defendants alleged violated or plead facts that would support their

---

[1] For the sake of clarity and brevity, AHMSI, Homeward and Ocwen shall be collectively referred to as the "Servicing Defendants" where appropriate. The Amended Complaint fails to define the specific time periods for which each individual servicer serviced the loan and all of the allegations contained in the Amended Complaint relating to the servicing of the loan are asserted generally against AHMSI, Homeward and Ocwen as a group.

claim that they are entitled to rescission of the mortgage Loan; (3) M.G.L. c. 266, § 35A is a criminal statute and Plaintiffs have no standing to enforce the statute; (4) Plaintiffs cannot sustain a slander of title claim because they have no standing to challenge MERS' authority to assign the mortgage loan or the terms of the Pooling and Servicing Agreement ("PSA"); (5) the RICO claim fails because Plaintiffs have not pled the requisite elements required, including, enterprise, pattern, or use of the mail system at the time of the December 21, 2006 Loan; (6) Plaintiffs have failed to plead the requisite elements of a RESPA or FDCPA violation; and (7) Count XI does not assert a cause of action upon which relief can be granted.

## I.     CONCLUSION

For the reasons stated above, the Defendants, American Home Mortgage Servicing, Inc., Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-2, Mortgage-Backed Pass-Through Certificates Series 2007-2, Homeward Residential, Inc., Mortgage Electronic Registration Systems, Inc. and Ocwen Loan Servicing, LLC, respectfully request that this Court dismiss the Plaintiffs' Amended Complaint in its entirety.

*[SIGNATURE PAGE FOLLOWS]*

Respectfully submitted,

Attorneys for Defendants,

AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. and OCWEN LOAN SERVICING, LLC,

*/s/ Vanessa V. Pisano*
Samuel C. Bodurtha, BBO #665755
Vanessa V. Pisano, BBO #679649
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: (617) 213-7000 / Fax: (617) 213-7001
Email:  sbodurtha@hinshawlaw.com
          vpisano@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Vanessa V. Pisano, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 19, 2016.

/s/ *Vanessa V. Pisano*
Vanessa V. Pisano

34628946v1 0985988