UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY C. HARRY, and KAREN C. HARRY,<br><br>                    Plaintiffs,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, APEX MORTGAGE SERVICES, LLC, FIDELITY NATIONAL FINANCIAL, INC. FIDELITY NATIONAL TITLE GROUP, INC., FIDELITY NATIONAL TITLE COMPANY, AMERICAN HOME MORTGAGE SERVICING, INC., HOMEWARD RESIDENTIAL, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-02, OCWEN LOAN SERVICING, LLC, ABLITT & CHARLTON, a/k/a ABLITT/SCOFIELD, a/k/a ABLITT SCOFIELD, P.C. a/k/a ABLITT LAW OFFICES P.C. n/k/a CONNOLLY, GEANEY, ABLITT & WILLARD, P.C.<br><br>                    Defendants. | CIVIL ACTION NO. 16-CV-10895-FDS<br><br>**LEAVE TO FILE GRANTED ON SEPTEMBER 8, 2016** |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT
PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants Fidelity National Financial, Inc., Fidelity National Title Insurance Company and Fidelity National Title Group, Inc. (collectively, the "Fidelity Defendants"), by and through undersigned counsel, hereby submit this Reply Memorandum in further support of their Motion for an Order dismissing Plaintiffs' Amended Complaint (the "Complaint") filed by Timothy Harry and Karen Harry ("Plaintiffs").

**MEMORANDUM OF LAW**

Plaintiffs' Response in Opposition to the Fidelity Defendants' Motion to Dismiss (the "Response") misses the mark on several issues and only highlights that each and every claim asserted against the Fidelity Defendants is frivolous. The Response also appears to raise for the first time some new assertions not raised in Plaintiffs' Amended Complaint but equally as frivolous. The Fidelity Defendants submit this brief Reply to address those issues.

I. **American Brokers Conduit was the Lender on Plaintiffs' Loan**

For the reasons set forth in the Fidelity Defendants' Motion to Dismiss, Plaintiffs' contention that American Brokers Conduit ("ABC") does not exist or that it was not their lender lacks facial plausibility under *Twombly* and *Iqbal*. Rule 8(a)(2), Fed. R. Civ. P. requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing the pleader is entitled to relief". *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). "General allegations of harm are insufficient and the facts must ultimately suggest that the claim is facially plausible; rambling assertions of fact coupled with conclusory legal assertions do not assist the court or the defendants." *Washington v. Colorado State Univ.*, 405 Fed. Appx. 288, 290 (10th Cir. 2010)(citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

As set forth in the Motion to Dismiss, ABC appears on the face of Plaintiff's Note and Mortgage as the lender and the prior mortgage was discharged as a result of the financing. To the extent that Plaintiffs contend that ABC was not a corporation, Plaintiffs concede that there is no requirement under Massachusetts law that a lender be a corporation. The suggestion that "ABC does not exist" is simply not plausible, and to the extent Plaintiffs' claims are based on this notion they should be dismissed.

## II.     The Fidelity Defendants are Entitled to Take Judicial Notice of Documents

Plaintiffs argue in the Response that the declaration of Douglas Whitaker and the attachments thereto should be stricken because the documents are not within Mr. Whitaker's personal knowledge.  Response at pg. 57-60.  While the Fidelity Defendants dispute this assertion, the Court is nonetheless entitled to take judicial notice of publicly available documents and other court documents.  *See, e.g., United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994); *Colonial Leasing Co. of New England, Inc. v. Logistics Control Group Int'l,* 762 F.2d 454, 459-460 (5th Cir. 1985).  The documents, properly submitted through a Declaration, are properly before the Court.

## III.    The Discovery Rule is Inapplicable

To the extent Plaintiffs are complaining about matters at the closing of their loan, they provide no specific allegations as to any efforts on the part of the Fidelity Defendants – no time, place or manner – to conceal a cause of action from Plaintiffs.  In fact, Plaintiffs' allegations suggest, not that a fraud was concealed from them, but just the opposite – that all information regarding any alleged fraud was available to them in the loan documents, but they were nonetheless "reasonably misled" because they did not have the "sophistication and knowledge necessary to question the information they were given."  *See* Complaint ¶¶ b and c, at page 122.  These allegations do not amount to a concealment of a fraud.  All of the information concerning the alleged "fraud" was apparent to them in 2006 on the face of the loan documentation, they simply failed to analyze that information until many years later.  Plaintiffs allegations do not (and cannot) form the basis for fraudulent concealment.  *See Lynch v. Signal Finance Co. of Quincy,* 367 Mass. 503, 507 (1975)(no fraudulent concealment where plaintiffs knew terms of loan and what had been disclosed and there was no fiduciary relationship with defendant); *see also Maldonado v. AMS*

*Servicing LLC*, 2012 WL 220249 *5 (D. Mass. January 24, 2012)(holding that "discovery rule" tolling statute of limitations did not apply based on allegations by plaintiff that they became aware of predatory loan only after legal analysis of loan many years later when all facts were available at the time of loan).  As such, any argument based on the "discovery rule" fails.

### IV.     The RICO Claims are Meritless

Plaintiffs raise a number of meritless arguments in its efforts to defeat dismissal of their RICO claims.  And, Plaintiffs do not address the Fidelity Defendants' contention that they lack RICO standing, except to proclaim that the "Rico standing requirement simply does not exist and is an irrelevant argument." Response at 46.  The United States Supreme Court, First Circuit Court of Appeals, and the United States District Court for the District of Massachusetts disagree.  *See e.g.*, *Dermesropian v. Dental Experts, LLC*, 718 F. Supp. 2d 143, 155 (D. Mass. 2010) ("In short, because none of Plaintiff's alleged injuries provide him with RICO standing, the court will recommend that Defendants' motion be allowed with respect to Counts IX and X"); *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 18 (2010) (finding no RICO standing because "[t]he City's injuries here were not caused directly by the alleged fraud, and thus were not caused "by reason of" it. The City, therefore, has no RICO claim"); *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 2003 WL 21228801, at *13 (D. Mass. May 21, 2003), *aff'd*, 360 F.3d 220 (1st Cir. 2004) ("His termination is far too attenuated from the underlying fraud; it did not involve a RICO predicate and moreover I have twice found it inadequately pled as a federal False Claim matter. Consequently, I find Karvelas lacks standing to bring a claim under RICO and I will grant defendants' motion to dismiss on Count V"); *Scivally v. Graney*, 21 F.3d 420 (1st Cir. 1994) (finding that the appellant lacks RICO standing because she "cannot show that she was injured in her business or property by the dissolution of the committee"). For the reasons articulated above

and in Fidelity Defendants' Motion to Dismiss, Plaintiffs lack RICO standing and their claim must be dismissed. *See* Motion to Dismiss at 16-18. This is yet another basis for the dismissal of Plaintiffs' RICO claim against the Fidelity Defendants.

Plaintiffs cannot cure their defective and frivolous claims through yet another amendment of their complaint. For the foregoing reasons, the Amended Complaint must be dismissed with prejudice and any further effort on the part of Plaintiffs to amend should be denied.

Dated: September 9, 2016

Defendants,
Fidelity National Financial, Inc., Fidelity National Title Insurance Company and Fidelity National Title Group, Inc.
By its Attorneys,

*/s/ Douglas L. Whitaker*
Douglas L. Whitaker, Esq. (BBO# 624949)
FIDELITY NATIONAL LAW GROUP
265 Franklin Street, Suite 1605
Boston, MA 02110
T: (617) 316-0143
Douglas.Whitaker@fnf.com

And

Fred O. Goldberg, Esq.
*(admitted Pro Hac Vice)*
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
fgoldberg@bergersingerman.com

## **CERTIFICATE OF SERVICE**

  I, Douglas L. Whitaker, do hereby certify that a true copy of the above document was filed through the Court's ECF system on this 9th day of September, 2016 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

            */s/Douglas L. Whitaker*
            Douglas L. Whitaker