**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TIMOTHY C. HARRY and KAREN C. HARRY,<br><br>*Plaintiff*s,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, APEX MORTGAGE SERVICES, FIDELITY NATIONAL TITLE GROUP, AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, MORTGAGE ELECTRONIC RECORDING SYSTEM, INC., OCWEN LOAN SERVICING and KORDE & ASSOCIATES,<br><br>*Defendants*. | CIVIL ACTION NO. 16-10895 |

**DEFENDANTS AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND OCWEN LOAN SERVICING, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE**

## I.   INTRODUCTION

Defendants American Home Mortgage Servicing, Inc. ("AHMSI"), Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-2, Mortgage-Backed Pass-Through Certificates Series 2007-2 ("Deutsche Bank as Trustee"), Homeward Residential, Inc. ("Homeward"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, the "Defendants"), submit

the following memorandum of law in support of their motion to strike certain documents attached as exhibits to Plaintiffs Timothy C. Harry and Karen C. Harry's ("Plaintiffs") Opposition to Defendants' Motion to Dismiss ("Opposition"), and portions of the Opposition referencing these documents.

Plaintiffs erroneously attempt to rely on extraneous documents for the purpose of bolstering their frivolous claims against the Defendants. Specifically, in support of their Opposition, Plaintiffs attach a report entitled "McDonnell Property Analytics, Inc. Executive Summary Report" ("McDonnell Report"), the addendum to the McDonnell Report ("Addendum"), and a complaint filed by the Commonwealth of Massachusetts against three banking institutions (none of which are the Defendants) based on the findings contained in the McDonnell Report ("Attorney General Complaint"). (Opposition, Ex. A-C, respectively.) Plaintiffs' reliance on these documents is misplaced because they are documents outside of the Plaintiffs' Amended Verified Complaint and, thus, cannot be considered by this Court. Further, none of the documents fall under any of the narrow exceptions in which a court may review otherwise inadmissible documents for the purpose of deciding a motion to dismiss.

## II.   RELEVANT PROCEDURAL HISTORY

On or about March 18, 2016, Plaintiffs filed this action with the Massachusetts Superior Court, Barnstable County. The Defendants removed the action to this Court on or about May 17, 2016. Plaintiffs subsequently filed an Amended Verified Complaint on or about July 19, 2016. Defendants filed a motion to dismiss the Amended Verified Complaint on or about July 19, 2016 ("Motion to Dismiss"), on the grounds that, *inter alia*, Plaintiffs' causes of action asserted against the Defendants are barred by the applicable statutes of limitation and further fail to state claims upon which relief can be granted.

On or about August, 12, 2016, Plaintiffs attempted to file an opposition to Defendants' Motion to Dismiss; however, upon information and belief, Plaintiffs' counsel mistakenly only filed the motion, and did not file the accompanying memorandum of law with the Court. Defendants' counsel brought this error to the attention of Plaintiffs' counsel who then filed a motion for leave to file a memorandum of law in support of their opposition on or about September 13, 2016. On or about October 3, 2016, the Court granted the Plaintiffs' motion for leave file a memorandum of law in support of their Opposition. On or about October 3, 2016, Defendants filed a reply to Plaintiffs' Opposition.

The McDonnell Report and Addendum (which are attached to the Plaintiffs' Opposition as Exhibits A and B, respectively) purport to contain investigative findings and opinions from a forensic examination conducted by a private corporation, McDonnell Property Analytics, Inc. [Doc. Nos. 75-1, 75-2.] The Register of the Essex Southern Registry of Deeds, John O'Brien, commissioned McDonnell Property Analytics, Inc. to audit and "test the integrity of his registry." (Opposition, at p. 22.) According to the Plaintiffs, the examination revealed that a high percentage of assignments of mortgages recorded at the registry were found to be "invalid" for various reasons, including they were fraudulent, robo-signed or violations the Massachusetts foreclosure statutes in some way. (*See id*. at pp. 22-23.) Plaintiffs attempt to offer the McDonnell Report, and the findings contained therein from the examination of unrelated assignments, to purportedly prove that *their* assignment of Mortgage must also be invalid. (*See id*.) The scope of the examination conducted, however, was narrowly-tailored and involved only the review of assignments of mortgage recording in the Essex Southern District of Registry of Deeds issued to and from JP Morgan Chase, N.A. ("JP Morgan"), Wells Fargo Bank, N.A.

("Wells Fargo") and Bank of America, N.A. ("BOA") during 2010. (Opposition, Ex. A at pp. 1-2.)

Based on the findings contained in the McDonnell Report, the Commonwealth of Massachusetts filed a complaint in Suffolk County Superior Court against the banking institutions that were the subject of the investigation—JP Morgan, Wells Fargo and BOA—in December, 2011 ("Attorney General Complaint").[1] [Doc. No. 75-3.] The Attorney General Complaint is attached to the Plaintiffs' Opposition as Exhibit C; however, nowhere in their Opposition do they reference the Attorney General Complaint or Exhibit C. Nor do they provide any argument or legal basis for attaching this extraneous document to their Opposition.[2]

Plaintiffs attempt to rely upon the McDonnell Report, Addendum and Attorney General Complaint in an attempt to establish causes of action in this case despite the fact these documents is no way reference, relate to or involve Plaintiffs' mortgage loan, the property at issue in this case, or any of the Defendants. The Court should not consider any of these documents on review of Defendants' Motion to Dismiss, and should strike any and all references to these documents in Plaintiffs' Opposition.

### III.   ARGUMENT

**A.   THE COURT SHOULD STRIKE THE EXHIBITS TO PLAINTIFFS' OPPOSITION BECAUSE THEY ARE EXTRANEOUS DOCUMENTS THAT FALL OUTSIDE THE AMENDED VERIFIED COMPLAINT**

The Exhibits to Plaintiffs' Opposition fall outside the four corners of the Amended Verified Complaint. When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b), "a court

---

[1] The McDonnell Report, Addendum and Attorney General Complaint will collectively be referred to as the "Exhibits" where appropriate.

[2] Presumably, based on the arguments in their Opposition, Plaintiffs have attached the Attorney General Complaint in an effort to shore up their argument that their assignment of Mortgage was fraudulent and invalid.

4

must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "'[A]ny consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under [Fed. R. Civ. P.] 56.'" *Quaak v. Dexia S.A.*, 357 F. Supp. 2d 330, 338 (D. Mass. 2005) (quoting *Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.*, 993 F.2d 269, 272 (1st Cir. 1993)); *see also* Fed. R. Civ. P. 12(b)("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Although some federal courts have adopted a flexible approach to consideration of extrinsic documents on a motion to dismiss, "'the First Circuit continues to adhere to the traditional view' that such consideration is ordinarily forbidden without conversion to summary judgment." *Quaak*, 357 F. Supp. 2d at 339 (quoting *Schaffer v. Timberland Co.*, 924 F. Supp. 1298, 1305-06 (D.N.H. 1996)).

Nowhere within the four corners of Plaintiffs' Amended Verified Complaint is there a reference to the McDonnell Report, Addendum or Attorney General Complaint. At best, Plaintiffs attach these documents to their Opposition in an attempt to add facts to their Amended Verified Complaint. Accordingly, because the McDonnell Report, Addendum and Attorney General Complaint were neither attached to nor referenced in the Amended Verified Complaint, they should be stricken, and not considered by this Court in deciding the Defendants' Motion to Dismiss.

B.  **THE NARROW EXCEPTIONS FOR CONSIDERING EXTRANEOUS DOCUMENTS ON A MOTION TO DISMISS DO NOT APPLY IN THIS CASE**

Ordinarily, review of documents not attached to the complaint, or not expressly incorporated therein, is prohibited on a motion to dismiss for failure to state a claim, but the First Circuit permits narrow exceptions "for documents the authenticity of which are not disputed by the parties, for official public records, for documents central to plaintiffs' claim, or for documents sufficiently referred to in the complaint." *See Local No. 8 IBEW Retirement Plan v. Vertex Pharmaceuticals Inc.*, 140 F. Supp. 3d 120 (D. Mass. 2015)*; Alternative Energy*, 267 F.3d at 33 (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). None of these limited exceptions apply to the Exhibits.

The McDonnell Report and Addendum are not official public documents for which this Court is permitted to take judicial notice. *See Boateng v. InterAmerican University, Inc.*, 210 F.3d 56, 61 (1st Cir. 2000) (ruling that the District Court could decide a motion to dismiss without converting the motion to a motion for summary judgment because public records could be considered in deciding a motion to dismiss). The McDonnell Report and Addendum are not a public record prepared by a public official acting within the scope of his or her duty. *See Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (finding that the phrase "official public records" when used in the present context, appears limited, or nearly so, to documents or facts subject to judicial notice under Federal Rule of Evidence 201"). Instead, they are documents commissioned by a private corporation, McDonnell Property Analytics, Inc.

Even if the Court were to consider the McDonnell Report and Addendum public records or reports, which they are not, they lack any indicia of reliability as the documents have not been authenticated. *See Froyoworld Licensing, LLC v. Lin*, No. 4:13-cv-40121-TSH, 2014 WL 1347218, at *2 (D. Mass. Apr. 2, 2014) (finding that, on a motion to dismiss, a court may not

take judicial notice of disputed materials outside the complaint that are offered for the truth of the matter asserted).  The McDonnell Report contains an abundance of inadmissible testimony and/or opinions which may be subject to challenge under *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as adopted by *Com.* v. *Lanigan*, 419 Mass. 15 (1994); *see also Commonwealth v. Slavski*, 245 Mass. 405, 417 (1923) (finding that "records of investigations and inquiries conducted, either voluntarily or pursuant to requirement of law, by public officers concerning causes and effects and involving the exercise of judgment and discretion, expressions of opinion, and making conclusions are not admissible as evidence as public records").

The Court should also strike the McDonnell Report, Addendum and Attorney General Complaint because they are not central to the Plaintiffs' claims and, therefore, all entirely immaterial to the Court's review and decision of the Defendants' Motion to Dismiss.  Plaintiffs have submitted the Exhibits in an attempt to shore up their speculative allegations that the assignment of Mortgage from American Brokers to Deutsche Bank as Trustee was fraudulent and invalid.  These Exhibits provide no support to Plaintiffs' claims because the documents, and the findings contained therein, have no relationship to the facts of this case or to the Plaintiffs' claims against the Defendants.  The scope of the McDonnell Report's examination was very narrow and only entailed a review of assignments recorded in Essex Southern County Registry of Deeds to and from three national banks during 2010.  Plaintiffs fail to explain how the findings of this examination have any impact on this case that involves a property located in Barnstable County, and an assignment of Mortgage recorded in Barnstable County Registry of Deeds from MERS, as nominee of American Brokers, to Deutsche Bank as Trustee.  Plaintiffs also provide

no reason or relevancy in their Opposition to attach a copy of the Attorney General Complaint, which was filed against three banking institutions—none of which are the Defendants.

Without question, the McDonnell Report, Addendum and Attorney General Complaint were not prepared by a public official; contain expressions of opinion, evaluation and conclusion; have not been properly authenticated; and/or are entirely irrelevant to the Plaintiffs' claims. In other words, these documents do not fall under any of the narrow exceptions. Accordingly, the Court should not consider any of these extrinsic documents in deciding the Defendants' Motion to Dismiss.

## IV. CONCLUSION

As neither party has requested that the Defendants' Motion to Dismiss be converted to one under Rule 56 for summary judgment, Defendants respectfully request that the Court strike the McDonnell Report, Addendum and Attorney General Complaint and disregard these documents, and any references thereto in the Plaintiffs' Opposition, when ruling on Defendants' Motion to Dismiss Plaintiffs' Amended Verified Complaint.

*[SIGNATURE PAGE FOLLOWS]*

Respectfully submitted,

Attorneys for Defendants,

AMERICAN HOME MORTGAGE
SERVICING, INC., DEUTSCHE BANK
NATIONAL TRUST COMPANY AS TRUSTEE
FOR AMERICAN HOME MORTGAGE ASSETS
TRUST 2007-2 MORTGAGE-BACKED
PASS-CERTIFICATES, SERIES 2007-2,
HOMEWARD RESIDENTIAL, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS INC.
and OCWEN LOAN SERVICING, LLC,

*/s/ Vanessa V. Pisano*
Samuel C. Bodurtha, BBO #665755
Vanessa V. Pisano, BBO #679649
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: (617) 213-7000 / Fax: (617) 213-7001
Email:  sbodurtha@hinshawlaw.com
            vpisano@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Vanessa V. Pisano, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 3, 2016.

/s/ *Vanessa V. Pisano*
Vanessa V. Pisano

34675185v1 0985988