**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

TIMOTHY C. HARRY and
KAREN C. HARRY

Plaintiffs,

v.

AMERICAN BROKERS CONDUIT; et al.

Defendants.

Case No. 16-cv-10895-FDS

**PLAINTIFFS TIMOTHY C. HARRY AND KAREN C. HARRY'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANTS AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND OCWEN LOAN SERVICING LLC'S MOTION TO STRIKE EXHIBITS ATTACHED TO PLAINTIFFS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [DOC 84]**

## I. INTRODUCTION

Plaintiffs Timothy C. Harry and Karen C. Harry oppose Defendants American Home Mortgage Servicing Inc., Homeward Residential, Inc. and Ocwen Loan Servicing, LLC ("Servicing Defendants"), Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-2 Mortgage-Backed Pass-Through Certificates, Series 2007-2 ("Deutsche Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") motion to strike documents attached to Plaintiffs Opposition to Defendants' Motion to Dismiss and portions of Opposition Memorandum of Law in Support of Plaintiffs Opposition Motion to Defendants Motion to Dismiss referencing these documents; Opposition Exhibits A-C.

Servicing Defendants, Deutsche Bank and MERS mislead the Court by their motion requesting the Court to strike portions of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss. The Exhibits attached to Plaintiffs' Memorandum of Law in support of Plaintiffs' Opposition to Defendants Motion to Dismiss as well as the pertinent language in the Memorandum of Law are well within Plaintiffs' right to present to the Court. These Exhibits are not outside of Plaintiffs' Amended Complaint and support the allegations Plaintiffs' make in their Amended Complaint.

Exhibits A-C are in essence two documents; Exhibits A and B are the "McDonnell Property Analytics, Inc. Summary Report" ("McDonnell Report") together with a sampling of the recordings that McDonnell used to arrive at their conclusion. Exhibit C is Attorney General Martha Coakley's Complaint against Bank of America, N.A. BAC Home Loans Servicing, LP, BAC GP, LLC, JP Morgan Chase Bank, N.A., CitiBank N.A., CitiMortgage, Inc., GMAC Mortgage, LLC, Wells Fargo Bank, N.A., Mortgage Electronic Registration System, Inc., and MERSCORP, Inc.. ("AG Compliant") The Defendants purposely mislead the court by stating that the AG Complaint was against "three banking institutions". Memorandum of Law In Support of Motion to Strike ("MTS") page 2 paragraph 2. The AG Complaint was against four banking institutions, four Mortgage Broker and servicing firms and Plaintiffs' Defendant Mortgage Electronic Registration System, Inc. (MERS) as well as MERS holding company MERSCORP for wrongs performed by each legal entity against the people of the Commonwealth.

The Plaintiffs at paragraphs 239 and 240 of the Amended Complaint reference the AG Complaint as demonstration as to the heightened awareness of fraud brought to the attention of the Commonwealth's Attorney General. Plaintiffs have argued through 140 pages factors and

counts of the fraud they experienced at the hands of the Defendants. What Plaintiffs demonstrate with the AG Complaint is the fraud that was rampant throughout the Commonwealth by many different legal entities. The AG's Complaint is a matter of public record, prepared by an officer of the Commonwealth on behalf of the people of the Commonwealth. Plaintiffs never allege in either their Amended Complaint or in their Opposition to Defendant's Motion to Dismiss Memorandum of Law that any of the Defendants were the target of the AG's Complaint; but MERS **was** a target and **is** a Defendant in the case at bar. What the Plaintiffs present is factual evidence of rampant fraud occurring at every single phase and action by each and every Defendant. This is what the Plaintiffs case is all about.

Another officer of the Commonwealth, John O'Brien as Register of the Essex Southern Registry of Deeds commissioned McDonnell Property Analytics, Inc. to audit and "test the integrity of his registry" because he was concerned about alleged abuse he was learning about regarding execution of mortgages and assignments. He wanted to know if the recordings in his registry were valid. McDonnell Property Analytics determined that many of his recordings were void, or fraudulent. Again, the common Defendant attached to each document reviewed is MERS as the nominee for the lender.

Defendants' MTS at Page 3 completely misstate and mislead the Court regarding why Plaintiffs included the McDonnell Property Analytics report as an exhibit to their Opposition to Defendants Motion to Dismiss. First, Defendants are incorrect in stating on page 4 "Based on the findings contained in the McDonnell Report, the Commonwealth of Massachusetts filed a complaint in Suffolk County Superior Court". Not true. Nowhere in the AG Complaint does the AG reference any knowledge about the McDonnell Property Analytics report. Not even when the AG cites examples from Essex County Registry of Deeds in her complaint does she reference the

report. The Defendants' assertion and conclusion are completely not true. Second, the Defendants, as has been their practice with each of their Motions decide what the Plaintiffs are arguing or alleging and submit it as fact. At page 3 of Defendants MTS, Defendants state "Plaintiffs attempt to offer the McDonnell Report, and findings contained therein from the examination of unrelated assignments, to purportedly prove that *their* assignment of Mortgage must also be invalid." [Emphasis the Defendants] This is blatantly false. Plaintiffs have not anywhere alleged or argued this statement. Further, Plaintiffs fraudulent recordings of the mortgage and assignments happened in Barnstable County, not Essex County. The Plaintiffs attached the McDonnell Property Analytics Report because it was commissioned by an officer of the Commonwealth wanting confirmation that the Registry of Deeds that he is responsible for was not recording fraudulent void documents. The report shows, unbeknownst to him and his best efforts, his registry was a victim of the blatant fraud that permeated every aspect of the lending industry. Third, Defendants misrepresent facts to the Court again at page 4 of their MTS stating "Plaintiffs attempt to rely upon the McDonnell Report, Addendum and Attorney General Complaint in an attempt to establish causes of action in this case despite the fact these documents in no way reference, relate to or involve Plaintiffs' mortgage loan, the property at issue in this case or any of the Defendants." This statement is false. MERS is a Defendant in this case. MERS was a Defendant in the AG Complaint, MERS is involved in participating in the fraudulent transfers of Plaintiffs mortgage just like MERS was the entity orchestrating and handling the fraudulent transfers found in the McDonnell Report. MERS is not an innocent bystander.

## II. ARGUMENT

### A. PLAINTIFFS EXHIBITS AND LANGUAGE IN PLAINTIFFS OPPOSITION MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION MOTION TO DEFENDANTS MOTION TO DISMISS DO NOT FALL OUTSIDE THE AMENDED COMPLAINT.

Plaintiffs at paragraphs 239 and 240 of their Amended Complaint reference the Attorney General's complaint and settlement with the defendants mentioned in the AG Complaint. Therefore, the Defendants' allegation that the Plaintiffs did not mention the AG Complaint is unfounded, wrong and misleading to the Court. The AG Complaint was written by Public Officials working with, for and on behalf of Attorney General Martha Coakley. How dare the Defendants state in their MTS page 8 paragraph 2 Attorney General Complaint were [was] not prepared by a public official? Do the Defendants want to tell Martha Coakley that Amber Anderson Villa, BBO # 647566, John M. Stephan BBO #649509, Sara Cable BBO #447084 and Justin J. Lowe BBO# pending all Assistant Attorneys General, that they were not public officials and not preparing a document on behalf of the Attorney General? Is there no end to the arrogance and lies these Defendants continue to spew on the Court?

Not only do the Plaintiffs reference the AG Complaint in their Amended Complaint specifically, the allegations in the AG Complaint layout in detail the negligence performance by MERS on the execution of assignments and what that fraud meant in the filings in the Registry of Deeds across the Commonwealth. This isn't just any Complaint, this Complaint was issued by the Attorney General and entered as a public document Docket No. B.L.S. 11-4363 and can be completely authenticated. The AG Complaint lays out how lenders, third party services and MERS all participated in fraud. It lays out how MERS was created, with no federal oversight, at the beck and call of all the banks that created MERS including the Defendants in this case. For

the Court to deny the legitimacy of the AG Complaint and how the AG Complaint goes to the heart of the Plaintiffs Amended Complaint while being referenced in the Amended Complaint would be a great grievance to justice.

Defendants, keeping with their modus operandi of misleading the Court by quoting case law by only giving a portion of what the court stated. Defendants quote at page five of their MTS *Quaak v. Dexia S.A.* 357 F. Supp. 2d 330, 338 (D. Mass. 2005) (quoting *Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co*., 993 F.2d 269, 272 (1st Cir. 1993) in support of their legal conclusion that "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under [Fed. R. Civ P]. Here is what the court actually said:

> "Plaintiffs have moved to strike exhibits submitted by defendant consisting of news articles reporting on Artesia's relationship with L & H, which were not submitted with or referenced in the complaint. "Under Rule 12(b), `any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under [Fed.R.Civ.P.] 56.'" *Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co.,* 993 F.2d 269, 272 (1st Cir.1993) (quoting *Watterson v. Page,*987 F.2d 1, 3 (1st Cir.1993)). *See Cooperativa,* 993 F.2d at 272-73 (holding that district court erred in *sua sponte* relying extensively on newspaper articles "in reaching its conclusions as to when the statute of limitations began to run"). However, narrow exceptions to this rule exist "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson*, 987 F.2d at 3 (citations omitted).

Plaintiffs have not submitted newspaper articles as attachment to their Memorandum of Law in support of the Opposition Motion to Defendants' Motion to Dismiss. Plaintiffs have attached two documents, one authored by the Commonwealth's Attorney General's Office which is a matter of public record and can easily be authenticated and was referenced in Plaintiffs' Amended Complaint at paragraphs 239 and 240. The second document was commissioned by an

Officer of the Commonwealth, which can also be authenticated and which is central to Plaintiffs Claim of fraud.

**B. PLAINTIFFS EXHIBITS AND LANGUAGE IN PLAINTIFFS OPPOSITION MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION MOTION TO DEFENDANTS MOTION TO DISMISS PROVE THE CENTRAL ISSUE IN THIS CASE - FRAUD.**

Defendants, as part of their modus operandi, have expanded their twisting techniques from fact to law. The First Circuit in *Watterson v. Page* 987 F.2d 1,2 (1993) "….. courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint…. Here all or most of the above-mentioned elements are present. Plaintiffs, moreover, introduced the documents themselves, in order to bolster their argument against defendants' motion to dismiss." See *Cortec Indus., Inc., v. Sum Holding L.P*., 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff…. Where the plaintiff has actual notice…. And has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."), cert. denied, ---- US----, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992); *Berk v. Ascott Inv. Corp*., 759 F.Supp. 245, 249 (E.D.Pa.1991) ("[W]hen a plaintiff has admitted the authenticity of a document…., a court may consider that document in ruling on a motion under Fed.R.Civ.P. 12(b)(6).")

The First Circuit treats documents submitted by the Plaintiffs as part of the Pleadings. *Id* at 4. Plaintiffs are the party that submitted the AG Complaint, a public record that can be authenticated, was referenced in the Amended Complaint and is important to Plaintiffs' case. Additionally, Plaintiffs are the party who submitted the McDonnell Report in support of the

Amended Complaint and Opposition Motion to Defendants Motion to Dismiss. Another report than can be authenticated and goes to the heart of Plaintiffs Amended Complaint on fraudulent actions by Defendants.

Defendants' reliance on case law to dispute the accuracy and authority of Plaintiffs Exhibits is misplaced. Case law points to the First Circuit's concern on the Plaintiffs' having notice of the submission of extraneous documents in a Motion to Dismiss not the Plaintiffs' submitting documents in support of Plaintiffs' Opposition Motion to Defendants' Motion to Dismiss.

Defendants' wrongful allegations are also misplaced. Marie McDonnell, of Mortgage Fraud and Forensic Analyst incorporated the report performed for John O'Brien, Register of the Essex County Registry of Deeds into her Brief of Amicus Curiae in Henrietta Eaton v. Federal National Mortgage Association et al. She submitted her brief to the Supreme Judicial Court on September 30, 2011, case No. SJC-11041. The use of her report in her Amicus Curiae Brief establishes the authentication of the report submitted by Plaintiffs in support of their Memorandum of Law in Opposition to Defendants Motion to Dismiss.

WHEREFORE, Plaintiffs request that Defendants Motion to Strike Plaintiffs Exhibits to Plaintiffs Memorandum of Law in support of Plaintiffs Opposition Motion to Defendants Motion to Dismiss be denied with prejudice.

Date: October 17, 2016

TIMOTHY C. HARRY and
KAREN C. HARRY
By their Attorney,

_*/s/ Tina L. Sherwood*__________
Tina L. Sherwood BBO# 662047
Law Office of Tina L. Sherwood
17 Main ST
Hopkinton, MA 01748
(617) 930-3533

**CERTIFICATE OF SERVICE**

I, Tina L. Sherwood, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 17, 2016.

_/s/ Tina L. Sherwood___________
Tina L. Sherwood