**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
TIMOTHY C. HARRY and                    )
KAREN C. HARRY                          )
              Plaintiffs                )
                                        )
          v.                            )          Case No.: 1:16-cv-10895-FDS
                                        )
AMERICAN BROKERS CONDUIT, et al.        )
              Defendants                )
_____)
```

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS PROPER SERVICE ON DEFENDANTS AMERICAN BROKERS CONDUIT AND APEX MORTGAGE SERVICES IN RESPONSE TO JUDGE SAYLOR'S ORDER TO SHOW CAUSE [Doc. 114]**

Plaintiffs Timothy C. Harry and Karen C. Harry properly served notice on Defendants American Brokers Conduit and Apex Mortgage Servicing in accordance with Fed R. Civ. P. 4(3).  Plaintiffs Timothy C. Harry and Karen C. Harry by and through their Attorney, present this Memorandum of Law in response to the Honorable Judge F. Dennis Saylor's Order to Show Cause [Doc 114] that Plaintiffs Service of Process on the Secretary of State for the Commonwealth of Massachusetts was proper.

**FACTS**

On April 11, 2016, Plaintiffs received Order Of The Court Appointing Special Process Servers approving Constable Merrill Smallwood of Legal Support Group, Boston, Massachusetts, for service of process on all Defendants. [Exhibit A]  The appointment of a special process server is required under rule 4c of the Massachusetts Rules of Civil Procedure. This case was originally filed in Barnstable County Superior Court on March 18, 2016, therefore, the Massachusetts Rules of Civil Procedure applied.

On April 27, 2016, Merrill Smallwood served the Secretary of State, Commonwealth of Massachusetts, Process Service Division, Patricia Harney, with the Summons and Verified Complaint for Apex Mortgage Service, LLC ("Apex") and American Home Mortgage Corp. ("American") for American Brokers Conduit.  Plaintiffs could not serve American Brokers Conduit, because American Brokers Conduit is a fictitious name.  However, Plaintiffs ascertained that American Home Mortgage Corp. ("American") was the presenter of the fictitious name and served that entity.

Before serving the Summons and Verified Complaint on the Secretary of State, Merrill Smallwood attempted service of process on Corporation Service Company, 84 State ST, Boston, Massachusetts for American.  Corporation Service Company refused to accept service of process.  [Affidavit of Merrill Smallwood – Exhibit B].  Similarly, before serving the Summons and Verified Complaint on the Secretary of State, Merrill Smallwood attempted service of process on CT Corporation System, 155 Federal ST, Ste 700, Boston, Massachusetts for Apex. CT Corporation System refused to accept service of process. [Affidavit of Merrill Smallwood – Exhibit C]

American and Apex were each registered with the Commonwealth of Massachusetts as a Foreign Corporation.  [Exhibits D and E respectfully.]  American's foreign corporation registration listed as the Resident Agent Corporation Service Company, 84 State ST, Boston, MA to receive all documents pertaining to service of process.  Apex's foreign corporation registration listed as the Resident Agent CT Corporation, 155 Federal ST, Ste 700, Boston, MA to receive all documents pertaining to service of process.

**ARGUMENT**

Fed. R. Civ. P. 4(e) Serving an Individual Within a Judicial District of the United States

provides:

> "Unless federal law provides otherwise, an individual – other than a minor, an
> incompetent person, or a person whose waiver has been filed – may be served in a
> judicial district of the United States by:
>
> > (1) Following state law for serving a summons in an action brought in courts of
> >     general jurisdiction in the state where the district court is located or where
> >     service is made; OR
> > (2) Doing any of the following:
> >     (A) Delivering a copy of the summons and of the complaint to the individual
> >         personally;
> >     (B) Leaving a copy of each at the individual's dwelling or usual place of
> >         abode with someone of suitable age and discretion who resides there; OR
> >     (C) Delivering a copy of each to an agent authorized by appointment or by law
> >         to receive service of process.

Massachusetts Civil Procedure Rule 4:  Process provides:

> "(d) **Summons:  Personal Service Within the Commonwealth**.  The summons and a
> copy of the complaint shall be served together.  The plaintiff shall furnish the person
> making service with such copies as are necessary.  Service shall be made as follows:
>
> > "(1) Upon an individual by delivering a copy of the summons and of the
> > complaint to him personally; or by leaving copies thereof at his last and usual
> > place of abode; or by delivering a copy of the summons and of the complaint to an
> > agent authorized by appointment or by statute to receive service of process…..
> >
> > "(2) Upon a …. Foreign corporation subject to suit within the Commonwealth…..
> > by delivering a copy of the summons and of the complaint to an officer, to a
> > managing or general agent, or to the person in charge of the business at the
> > principal place of business thereof within the Commonwealth, if any: or by
> > delivering such copies to any other agent authorized by appointment or by law to
> > receive service of process….."

The commentary in the Federal Rules of Civil Procedure Rule 4 add additional insight to

how Fed. R. Civ. P. 4(e) works in conjunction with Massachusetts Rule of Civil Procedure Rule

4.

Specifically, the commentary under the 1963 Amendment at page 58 states in pertinent part "If the circumstances of a particular case satisfy the applicable Federal law (first sentence of Rule 4(e) as amended) and the applicable State law (second sentence), the party seeking to make the service may proceed under the Federal or the State law, at his option."

The commentary under Rule 4 within the 1993 Amendment at page 65 states "Paragraph (1) authorizes service in any judicial district in conformity with state law.  This paragraph sets forth the language of former subdivision (c)(2)(C)(i), which authorized the use of the law of the state in which the district court sits, but adds as an alternative the use of the law of the state in which the service is effected."

"Paragraph (2) retains the test of the former subdivision (d)(1) and authorizes the use of the familiar methods of personal or abode service or service on an authorized agent in any judicial district."

Therefore for proper service of process, we must look to not only Massachusetts Rules of Civil Procedures but also Massachusetts General Statutes.

As mentioned, American and Apex were each registered with the Commonwealth of Massachusetts as a foreign corporation.  American's foreign corporation registration listed as the Resident Agent Corporation Service Company, 84 State ST, Boston, MA to receive all documents pertaining to service of process.  Apex's foreign corporation registration listed as the Resident Agent CT Corporation, 155 Federal ST, Ste 700, Boston, MA to receive all documents pertaining to service of process.

Merrill Smallwood, the approved Constable by Barnstable Superior Court to serve defendants American and Apex with the Summons and the Verified Complaint attempted service

of process on their designated Registered Agents, their respective Registered Agents refused service of process.

Please note American's Certificate to operate a business in the Commonwealth was terminated June 18, 2012 by the Secretary of State's office, Corporation Division filing number 2001289835130.  [Exhibit F.]  Additionally, Apex's Certificate to operate a business in the Commonwealth was terminated on April 19, 2011 by the Secretary of State's office, Corporation's Division filing number 20114134800.  [Exhibit G.]

The law governing foreign corporations in the Commonwealth of Massachusetts can be found at M.G.L. Chapter 156D, Section 15.07 which states in pertinent part that "Each foreign corporation authorized to transact business in the commonwealth shall continuously maintain in the commonwealth:  (2) a registered agent…."  American named Corporation Service Company, 84 State ST, Boston, MA  02109 as its Registered Agent and Apex named CT Corporation System, 155 Federal ST, Ste 700, Boston, MA  02110 as its Registered Agent in the Commonwealth.

M.G.L. Chapter 156D, Section 15.30 provides that "The secretary of state may commence a proceeding under Section 15.31 to revoke the authority of a foreign corporation to transact business in the commonwealth if the foreign corporation has failed to comply with laws requiring the filing of reports with the secretary of state or the filing of any tax returns or the payment of any taxes under chapter 62C or chapter 63 for 2 or more consecutive years." American's last Annual Report filed with the secretary of state was for the year 2006 filed April 4, 2007.  [Exhibit F.]  Apex's last Annual Report filed with the secretary of state was for the year 2007 filed March 13, 2007. [Exhibit G.]

M.G.L. Chapter 156D, Section 15.31 provides that:

"(a) If the secretary of state determines that one or more grounds exist under section 14.20 [which has the same language as quoted above in 15.30 – comment mine] for dissolving a corporation, he shall notify the corporation's registered agent of his determination.  The notice shall be in writing and mailed postage prepaid to the corporation's registered office, or if the registered agent consents, sent by electronic mail to an electronic mail address furnished by the agent for the purpose.

"(b)  If the foreign corporation does not correct each ground for revocation or demonstrate to the reasonable satisfaction of the secretary of state that each ground determined by the secretary of state does not exist within 90 days after the notice is given, the secretary of state may revoke the foreign corporations authority to transact business in the commonwealth. The secretary of state shall note the fact of revocation on his records, including the effective date thereof.

"(c)  The authority of a foreign corporation to transact business in the commonwealth ceases on the date on which the secretary of state makes revocation of such authority effective.

"(d)  Revocation of a foreign corporations authority to transact business in the commonwealth does not terminate the authority of the registered agent of the corporation until the registered agent resigns his agency pursuant to section 15.09."

From the filings with the Secretary of State's Office as attached here as exhibits F and G respectfully for American and Apex, it appears that both entities stopped filing annual reports thereby causing the secretary of state to terminate their authority to transact business in the state. However, to be perfectly clear, American Brokers Conduit never had authority to transact business in the state, was not a legal entity, never registered with the Secretary of State as a legal entity and is *a fictitious name*.  Again, based on the 2002-022 Commission of Banks Mortgage Lender and Mortgage Broker Licensing Cease and Desist Order, plaintiffs learned of the owner of the fictitious name as American Home Mortgage Corp., which is why American was served.

M.G.L. 156D Section 15.10 Liability to be Sued; Service on Foreign Corporation sets for the procedures for suing a Foreign Corporation and provides as follows:

"(b)  Every foreign corporation doing business in the commonwealth…. Which has complied with section 15.03 but…. Whose resident agent refuses to act as such, shall be deemed to have appointed the secretary of state and his successor in office to be its true and lawful

attorney upon whom all lawful process in any action or proceeding may be served so long as any liability incurred in the commonwealth while it was doing business shall remain outstanding.

"(c)  Service of process in all actions and proceedings in the commonwealth against such a foreign corporation may be made upon the secretary of state.  Service of process in all actions and proceedings in the commonwealth against a foreign corporation….formerly doing business in the commonwealth that has withdrawn from the commonwealth pursuant to this chapter, may be made upon the secretary of state if the action or proceeding involves a liability alleged to have been incurred by the foreign corporation while it was doing business in the commonwealth."

"(d)  When lawful process in any action or proceeding against any foreign corporation which pursuant to this section may be made upon the secretary of state is served upon the secretary of state, the secretary of state shall immediately forward the process by mail, postage prepaid, directed to such foreign corporation at its last know principal office….."

In accordance with the law, plaintiffs properly received a court appointed constable to serve every defendant in this matter.  Defendants American Home Mortgage Corp. and Apex Mortgage Servicing had their authority to transact business in Massachusetts terminated by the Secretary of State for what appears to be the failure to continue to file annual reports.  The constable, Merrill Smallwood, tried to serve each defendant at the defendant's respective designated registered agent and both registered agents *refused* to accept service of process.

Continuing to follow the Massachusetts General Statutes, Constable Merrill Smallwood served the secretary of state as the "successor in office to be its true and lawful attorney upon whom all lawful process in any action or proceeding may be served so long as any liability incurred in the commonwealth while it was doing business shall remain outstanding."

On June 13, 2016, plaintiffs filed a Motion for Default Judgment as to American Brokers Conduit [Doc. 12] and Motion for Default Judgment as to Apex Mortgages Services [Doc.13]. Following the Massachusetts General Statutes, Plaintiff properly mailed notice of default to the now successor in office, the secretary of state, upon whom all lawful process of any action or proceeding may be served.

On June 28, 2016, the Honorable Judge F. Dennis Saylor, IV entered an Electronic Order granting [Doc. 12] Motion for Entry of Default. [Doc. 25] followed by NOTICE: Clerk's ENTRY OF DEFAULT as to American Brokers Conduit [Doc. 26] followed by Judge F. Dennis Saylor, IV: ORDER entered. STANDING ORDER on motions for default judgment re [Doc 26] Notice: Clark's Entry of Default [Doc. 27].

On June 28, 2016, the Honorable Judge F. Dennis Saylor, IV entered an Electronic Order granting [Doc. 13] Motion for Entry of Default [Doc. 28] followed by NOTICE: Clerk's ENTRY OF DEFAULT as to Apex Mortgage Servicing [Doc. 29] followed by Judge F. Dennis Saylor, IV: ORDER entered. STANDING ORDER on motions for default judgment re [Doc 29] Notice: Clark's Entry of Default [Doc. 30].

On July 6, 2016, Notice of Defaults were returned to the court and entered in to the Docket Calendar, [Doc. 36] for American Brokers Conduit and [Doc 37] for Apex Mortgage Services, LLC.

On July 8, 2016 Plaintiff filed MOTION for Entry of Default Judgement against both American Brokers Conduit and Apex Mortgage Servicing [Doc 38 & 39 respectfully]. On July 29, 2016, the Honorable Judge F. Dennis Saylor, IV DENIED without prejudice the Plaintiff's Motion for Entry of Default Judgment stating that no Default Judgment may issue without prior entry of default under Fed. R. Civ. P. 55(a) [Doc 60 and 61 respectfully] which was then vacated on July 29, 2016 [Doc. 65] due to clerical error.

On December 22, 2016, the Honorable F. Dennis Saylor, IV issued an ORDER TO SHOW CAUSE [Doc. 114] as to whether plaintiffs properly followed Fed. R. Civ. P. 4(e) when plaintiffs served the initial summons and verified complaint and following proceedings,

including Notice of Default Judgment on the secretary of state.  Plaintiffs have proven that

service on the secretary of state for the Commonwealth was proper.

## CONCLUSION

The secretary of state was the proper agent for service of process under Fed. R. Civ. P.

4(e), Massachusetts Rules of Civil Procedure 4 and Massachusetts General Statutes Chapter

156D.  The appointed Constable Merrill Smallwood properly attempted service of process on the

registered agent as stated on each defendants Massachusetts Corporate filing and each

Defendants Registered Agent refused service of process.  Massachusetts General Statutes is very

clear, that when a Registered Agent refuses service of process, then the defendant by default has

named the secretary of state as the agent for service of process for all proceedings involved in the

litigation where a plaintiff has suffered harm from the defendant while the defendant was

conducting business in the Commonwealth.

WHEREFORE, Plaintiff requests that this honorable court find that the plaintiffs have

met their burden in proving that with every proceeding in this matter, plaintiffs have properly

served the defendant.

Dated this 11th day of January, 2017.          TIMOTHY C. HARRY and KAREN C. HARRY
                                               By Their Attorney

                                                _/s/ Tina L. Sherwood_____
                                               Attorney for the Plaintiffs
                                               Tina L. Sherwood
                                               BBO# 662047
                                               17 Main ST
                                               Hopkinton, MA  01748
                                               (617) 930-3533

## <u>CERTIFICATE OF SERVICE</u>

       I, Tina L. Sherwood, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January11, 2017.


                                         */s/ Tina L. Sherwood*
                                         Tina L. Sherwood