UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY C. HARRY, and KAREN C. HARRY,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, APEX MORTGAGE SERVICES, LLC, FIDELITY NATIONAL FINANCIAL, INC. FIDELITY NATIONAL TITLE GROUP, INC., FIDELITY NATIONAL TITLE COMPANY, AMERICAN HOME MORTGAGE SERVICING, INC., HOMEWARD RESIDENTIAL, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-02, OCWEN LOAN SERVICING, LLC, ABLITT & CHARLTON, a/k/a ABLITT/SCOFIELD, a/k/a ABLITT SCOFIELD, P.C. a/k/a ABLITT LAW OFFICES P.C. n/k/a CONNOLLY, GEANEY, ABLITT & WILLARD, P.C.<br><br>Defendants. | CIVIL ACTION NO. 16-CV-10895-FDS |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION [DOC. 124]**

Defendants Fidelity National Financial, Inc., Fidelity National Title Insurance Company and Fidelity National Title Group, Inc. (collectively, the "Fidelity Defendants"), by and through undersigned counsel, hereby submit this Memorandum in Opposition to Plaintiffs' Motion for Reconsideration [Doc. 124]. For the reasons set forth more fully herein, Plaintiffs' Motion for Reconsideration should properly be denied.

1

**Introduction**

Plaintiffs request this Court to reconsider its Order Denying Plaintiffs' Motions for Default Judgment [Doc. 113] and its Memorandum and Order Granting the Fidelity Defendants' Motion to Dismiss [Doc. 120].[1] The Memorandum and Order granting the Fidelity Defendants' Motion to Dismiss was predicated primarily upon the expiration of the applicable statutes of limitations governing Plaintiffs' claims.[2] As Plaintiffs' pointedly comment at page 9 of their Motion to Reconsider, the Order denying the Motion for Default Judgment did not include a memorandum, but presumably was based upon the fact that the filing of a timely motion to dismiss under Rule 12(b), Fed. R. Civ. P. automatically suspends the requirement that an answer be filed until after the motion is ruled upon.

Plaintiffs' Motion to Reconsider states no cognizable grounds for relief.[3] Plaintiffs fail to identify any manifest error of law committed by the Court or cite to any newly discovered evidence that was unavailable previously. Nor do they identify any intervening change in controlling law. Instead, they merely rehash the same arguments they previously asserted and voice their dissatisfaction and disagreements with the Court's rulings, going so far as to "ask the Court how on God's Green Earth" the Court could have ruled as it did. Motion for

---

[1] The Fidelity Defendants' Arguments supporting the Court's manifestly correct rulings in its Orders are adequately set out in their briefing on these Motions [Docs 58, 83 and 102]. These arguments are not repeated here.

[2] Because the Fidelity Defendants' Motion to Dismiss was granted because Plaintiffs' claims were clearly time-barred, the Court did not reach the Motion's merits arguments asserting that each of Plaintiffs' claims failed to assert any viable cause of action. Should the Court reconsider its Memorandum and Order, it would become necessary for the Court to address these merits arguments before proceeding further.

[3] Plaintiffs' Motion is purportedly brought pursuant to Rules 59(e) and 60(b), Fed. R. Civ. P. However, other than reciting the bases for relief under Rule 60(b), the Motion contains no argument that any element of Rule 60 applies here. The Fidelity Defendants therefore respond to the Motion pursuant to recognized grounds for reconsideration.

Reconsideration, p. 41. Because Plaintiffs' Motion states no viable basis for relief, it should properly be denied.

## Memorandum of Law

"The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006)(citations omitted). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Id.* Reconsideration may also be based upon an intervening change in governing law. *Davis v. Lehane*, 89 F.Supp.2d 142, 147 (D. Mass. 2000). The Federal Rules do not permit "the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *National Metal Finishing Co., Inc. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990); *Palmer v. Champion Mortgage*, 465 F.3d at 30 (a motion for reconsideration should not "reiterate the arguments she earlier advanced"). Nor is a motion to reconsider a vehicle "for a party to improve upon his arguments" or "vent his dissatisfaction with the Court's reasoning." *Davis v. Lehane*, 89 F.Supp.2d at 149.

Here, Plaintiffs' Motion does nothing more than repeat the same arguments they previously advanced and voice their disagreement with the Court's decisions. With respect to the Court's Order Denying their Motion for Default Judgment, Plaintiffs do no more than to repeat their misguided contention that the Fidelity Defendants were required to file an answer the Amended Complaint even after a timely Motion to Dismiss was filed. *See* Motion for Reconsideration, p. 9; Memorandum In Support of Motion for Default Judgment [Doc. 99-1], pp.

4 – 8; Reply To Fidelity Defendants' Opposition to Motion for Default Judgment [Doc. 110-1], pp. 2 – 5.

With Respect to the Court's Memorandum and Order granting the Motion to Dismiss, again Plaintiffs' Motion for Reconsideration ("Motion") merely repeats arguments asserted by Plaintiffs in their Memorandum in Opposition ("Opposition") [Doc. 78]. In their Opposition to the Motion to Dismiss [Doc. 78], Plaintiffs argue that there was no loan closing or consummation. Opposition, pp. 13, 20-21, 24-25, 59. They repeat these arguments in the Motion for Reconsideration. Motion, pp. 3, 22, 30, 37. In both memoranda, Plaintiffs claim their loan was "predatory." Opposition, pp. 4-7, Motion, p. 4. Plaintiffs repeat their argument that their mortgage is "fictional." Opposition, pp. 25, 53; Motion, p. 4. In both memoranda they address the false or fictional foreclosures. Opposition, pp. 10-11; Motion, p. 6. Plaintiffs rehash their contention that the loan transaction was void and because it is void, the transaction is not subject to a statute of limitations. Opposition, pp. 23-26; Motion, pp. 10, 16, 24, 32, 39. Plaintiffs parrot their argument that American Brokers Conduit is fictional, non-existent and not a lender. Opposition, pp. 7, 19-13; Motion, pp. 11-13, 15, 23. They address "failed securitization" or late transfer in both Memoranda. Opposition, pp. 33-34, 55-56; Motion, p. 14. They rehash their equitable tolling argument. Opposition, pp. 26-27, 30, 39-40; Motion, pp. 17-18, 39. They repeat their discovery rule arguments. Opposition, pp. 37-39; Motion, pp. 17-18. They make contentions of a "forged deed" in both memoranda.[4] Opposition, pp. 27-30; Motion, pp. 20-22. Plaintiffs parrot their robo-signing arguments. Opposition, pp. 34-37; Motion, 5, 23, 35-36, 41-42. In both memoranda, Plaintiffs claim that there is no statute of limitations for fraud. Opposition, pp. 25-26; Motion, pp. 27, 28, 30-31. The only argument that does not appear

---

[4] The Amended Complaint makes no allegation that the deed through which they obtained title was forged.

in both memoranda appears to be "unclean hands" which is improperly raised for the first time in the Motion for Reconsideration at p. 42.

Plaintiffs' Motion for Reconsideration is an overt attempt to take a second bite at the apple in the hope that the Court will change its mind. While Plaintiffs may disagree with the Court's Orders, a Motion for Reconsideration is not a vehicle to express dissatisfaction with the Court's rulings. It is inappropriate for Plaintiffs to accuse the Court of "cherry picking" facts or characterize its Order as "nonsensical." Motion, pp. 7, 39. Plaintiffs' Motion for Reconsideration also improperly does nothing more than restate the same arguments raised by Plaintiffs in the briefing on the Motion to Dismiss. It is axiomatic that there must be an end to all litigation. Plaintiffs' litigation against the Fidelity Defendants has reached its end. Plaintiffs' Motion for Reconsideration is both meritless and procedurally improper and should be denied.

## Conclusion

For the reasons set forth more fully herein, Plaintiffs' Motion for Reconsideration should be denied.

*(Remainder of Page Left Blank Intentionally)*

Dated: February 20, 2017

Respectfully submitted,

Fidelity National Financial, Inc., Fidelity National Title Insurance Company and Fidelity Nation Title Group, Inc.

By their Attorneys,

**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel.: (305) 755-9500
Fax: (305) 714-4340

By: */s/ Fred O. Goldberg*_____
Fred O. Goldberg
*(admitted Pro Hac Vice)*
Email: fgoldberg@bergersingerman.com

And


*/s/ Douglas L. Whitaker*
Douglas L. Whitaker, Esq. (BBO# 624949)
FIDELITY NATIONAL LAW GROUP
265 Franklin Street, Suite 1605
Boston, MA 02110
T: (617) 316-0143
Email: Douglas.Whitaker@fnf.com


## CERTIFICATE OF SERVICE

I, Fred Goldberg, do hereby certify that a true copy of the above document was filed through the Court's ECF system on this 20th day of February, 2017 and will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and by electronic mail.

*/s/ Fred O. Goldberg*_____
Fred O. Goldberg

7666322-1