## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY C. HARRY and KAREN C. HARRY, <br><br>      *Plaintiff*s, <br><br> v. <br><br> AMERICAN BROKERS CONDUIT, APEX MORTGAGE SERVICES, FIDELITY NATIONAL TITLE GROUP, AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, MORTGAGE ELECTRONIC RECORDING SYSTEM, INC., OCWEN LOAN SERVICING and KORDE & ASSOCIATES, <br><br>      *Defendants*. | CIVIL ACTION NO. 16-10895 |

**DEFENDANTS AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND OCWEN LOAN SERVICING, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

## I.  INTRODUCTION

Plaintiffs' so-called "Motion for Reconsideration" is a thinly-veiled attempt to revive claims, which this Court has already dismissed for failure to file suit within the application statute of limitations. Plaintiffs fail to cite a single case in support of their argument for reconsideration or provide any legitimate basis warranting relief under Federal Rules of Civil Procedure Rule 59(e) or 60(b). Indeed, albeit for a general reference to Rules 59(e) and 60(b) in

the opening paragraph, nowhere in Plaintiffs' Motion are these Rules—or any other viable basis for reconsideration—even mentioned.  The fact that Plaintiffs cite Fed. R. Civ. P. 12(b)(6) as the applicable standard of review—rather than Rule 59(e) and 60(b)—underscores the real purpose of this Motion and Plaintiffs' inherent misunderstanding of the appropriate use of a motion for reconsideration. Just because Plaintiffs are unhappy with the Court's decision does not mean that they get another bite at the apple by trying to further press their arguments. Plaintiffs have failed to establish any reason why the Court should reverse its dismissal of Plaintiffs' claims, and the Court should deny their Motion.

## II.  PROCEDURAL BACKGROUND

On or about March 18, 2016, Plaintiffs filed this action with the Massachusetts Superior Court, Barnstable County. Defendants timely removed the action to this Court on or about May 17, 2016. Plaintiffs subsequently filed an Amended Verified Complaint on or about July 19, 2016. (Doc. No. 52.) Defendants filed a motion to dismiss the Amended Verified Complaint on or about July 19, 2016 ("Motion to Dismiss"), on the grounds that, *inter alia*, Plaintiffs' causes of action asserted against the Defendants are barred by the applicable statutes of limitation and further fail to state claims upon which relief can be granted. (Doc. No. 53.)

On or about August, 12, 2016, Plaintiffs attempted to file an opposition to Defendants' Motion to Dismiss; however, upon information and belief, Plaintiffs' counsel mistakenly only filed the motion, and did not file the accompanying memorandum of law with the Court. (Doc. No. 75.) Defendants' counsel brought this error to the attention of Plaintiffs' counsel who then filed a motion for leave to file a memorandum of law in support of their opposition on or about September 13, 2016. (Doc. No. 84.) On or about October 3, 2016, the Court granted the Plaintiffs' motion for leave file a memorandum of law in support of their Opposition.  (Doc. No.

86.) On or about October 3, 2016, Defendants filed a reply to Plaintiffs' Opposition. (Doc. No. 88.) On or about October 5, 2016, the Court conducted a hearing on Defendants' Motion to Dismiss and Plaintiffs' Opposition thereto, and took Defendants' Motion to Dismiss under advisement.

On or about January 12, 2017, the Court granted our motion to dismiss as to all claims asserted against the defendants, except for the FDCPA claim against Ocwen. (Doc. No. 120.) On or about February 3, 2017, Ocwen filed an answer to Plaintiffs' Amended Complaint. (Doc. No. 121.) On or about February 9, 2017, Plaintiffs filed this Motion for Reconsideration of the Court's ruling on Defendants' Motion to Dismiss. (Doc. No. 124.) Plaintiffs fail to present any legitimate basis warranting reconsideration by this Court under 59(e) or 60(b) and, thus, this Court should dismiss their Motion.

### III.   LEGAL STANDARD OF REVIEW UNDER RULES 59(e) AND 60(b)

Fed. R. Civ. P 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding for, *inter alia*, (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1) and (6). The standard for relief under Fed. R. Civ. P. 60(b) is high. Although other Circuits "have indicated that Rule 60(b) motions should be granted liberally, [the First] Circuit has taken a harsher tack." *Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe,* 257 F.3d 58, 63-64 (1st Cir. 2001). The First Circuit has "made it transparently clear that relief under Rule 60(b) is extraordinary in nature." *Cintron-Lorenzo v. Departamento de Asuntos Del Consumidor,* 312 F.3d 522, 527 (1st Cir. 2002). Given that the rule affords a party "extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances." *Davila-Alvarez,* 257 F.3d at 64; *Cintron-Lorenzo,* 312 F.3d at 527 (motions invoking the rule "should be granted sparingly").

34722176v1 0985988

A party seeking relief under Rule 59(e) must show "a manifest error of law or newly discovered evidence," or demonstrate that the court "has patently misunderstood [the moving party]...or has made an error not of reasoning but of apprehension." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (internal quotations omitted). "[S]imple disagreement with the court's decision is not a basis for reconsideration." *Ofori v. Ruby Tuesday, Inc.*, 205 Fed. Appx. 851, 853 (1st Cir. 2006) (unpublished).

Although not entirely clear from their Motion, Plaintiffs appear to rely on both Rule 59(e) and 60(b) in support of their request for reconsideration. However, a motion for reconsideration is *either* construed under Rule 59(e) *or* 60(b), depending on when the motion is served. *See Perez–Perez v. Popular Leasing Rental, Inc.,* 993 F.2d 281, 284 (1st Cir. 1993). "If a motion is served within [twenty-eight] days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e)." *Id.* Plaintiffs filed their Motion for Reconsideration on February 9, 2017— twenty eight (28) days after the Court's Memorandum and Order was entered. Thus, Plaintiffs' Motion is most properly considered under Rule 59(e).[1]

## IV.   ARGUMENT

### A.   Plaintiffs' Motion Suffers Procedural Deficiencies Warranting Its Dismissal

At the outset, Plaintiffs' Motion should be dismissed because the Court's Memorandum and Order (Doc. No. 124) is not a final order and, thus review under Rule 59(e) or 60(b) is not proper. A final order is one that concludes the litigation on the merits of a case and leaves nothing for a court to do but execute the judgment. *Equity Sec. Holders' Comm. V. Wedgestone Fin.*, 152 B.R. 786, 789 (Bank. D. Mass. 1993) (Fed. R. Civ. P. 60(b) "is limited to review of final orders."). Since the Court's January 12, 2017 Memorandum and Order did not dispose of

---

[1] Nonetheless, for the sake of completeness, this Opposition also addresses Plaintiffs' requested relief under Rule 60(b)(1) and 60(b)(6) as well.

the entirety of the case—as Count IV against Ocwen still survives—the Memorandum and Order did not conclude this litigation on the merits. Accordingly, relief under Rule 59(e) or 60(b) is untimely since the Memorandum and Order is not a final order which is subject to review now.

Moreover, in addition to being untimely, Plaintiffs' Motion should also be stricken because they failed to comply with Local Rule 7 by filing a 43-page memorandum of law without first seeking leave of court to exceed the page limit. District courts' "broad latitude in administering local rules" entitles those courts "to demand adherence to specific mandates contained in th[ose] rules." *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 224 (1st Cir. 1994); *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002) (finding it "within the district court's discretion" to enforce local rules where "the result does not clearly offend equity").

### B.    Plaintiffs Fail to Provide Viable Grounds for Reconsideration Under Rule 59(e)

Even if this Court were to find that the procedural deficiencies are not fatal to Plaintiffs' Motion, their request for reconsideration still fails because they have not offered any viable basis warranting relief under Rule 59(e). Plaintiffs argue that relief under Rule 59(e) is appropriate because the Court misapplied the Rule 12(b)(6) standard by neglecting to consider all of the factual allegations in the Amended Complaint. To obtain relief on a Rule 59(e) motion asserting an erroneous legal result, the moving party must clearly establish "a manifest error of law." *Kansky v. Coca-Cola Bottling Co. of New England*, 492 F.3d 54, 60 (1st Cir. 2007) (such motions "are generally unlikely to succeed"). Rule 59(e) does not allow a party to simply "raise arguments which could, and should, have been made before judgment issued," *ACA Fin. Guar. Corp. v. Advest, Inc.,* 512 F.3d 46, 55 (1st Cir. 2008), or "rehash previously made arguments" in

a renewed attempt "to sway the judge," *Davis v. Lehane,* 89 F. Supp. 2d 142, 147-48 (D. Mass. 2000); *see also Palmer v. Champion Mortgage,* 465 F.3d 24, 30 (C.A.1 (Mass.) 2006).

Here, Plaintiffs raise arguments or evidence, which they could have raised prior to the Court's ruling. Moreover, Plaintiffs demonstrate no error of law in the Court's decision, much less a "manifest error." Rather, Plaintiffs contend that the Court erred in applying the Rule 12(b)(6) standard because it failed to consider all facts as alleged in the Amended Complaint. This argument is baseless. Contrary to Plaintiffs' contention, the Court correctly set forth the legal standard governing Rule 12(b)(6) motions and considered Plaintiffs' voluminous filings in light most favorable to Plaintiffs. (*See* Memorandum and Order, Doc. No. 124 at pp. 10-11*, citing Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (opining that it "must assume the truth of all well-plead[ed] facts and give [Plaintiffs] the benefit of all reasonable inference therefrom.")).

Further, as the Court correctly pointed out, in adjudicating a motion to dismiss, only *well-pleaded* allegations in a complaint are accepted as true, and the Court is not required to accept bald assertions, unsupportable conclusions and similar conclusory language mimicking the elements of a cause of action.  (*See* Doc. No. 120 at p. 11, *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level...")). In opposing such motion to dismiss, Plaintiffs bear the burden of pleading factual allegations regarding each element necessary to sustain recover under some actionable theory. In this case, the Court properly considered all well-pleaded allegations contained in the Amended Complaint and held that—as to all but one claim asserted against Ocwen—Plaintiffs failed to state a claim upon which relief could be granted.

34722176v1 0985988

Moreover, even if the Court failed to consider Plaintiff's "evidence," which is not the case, the Court's Memorandum and Order was based largely on the legal insufficiency of Plaintiffs' claims (e.g., statute of limitations, no cause of action, inapplicability of statutes, etc.). Therefore, any alleged failure on the part of the Court to consider such facts cannot amount to manifest error of law. Accordingly, Plaintiffs have failed to set forth sufficient grounds for reconsideration or amendment of the Court's Memorandum and Order, and Plaintiffs' Motion should be denied.

### C.    Plaintiffs Are Further Not Entitled to Relief Rule 60(b)

Plaintiffs' Motion also seek relief pursuant to Rule 60(b)(1) and 60(b)(6).  The crux of Plaintiffs' request for reconsideration under Rule 60(b) is premised on the same mistaken contention that the Court ignored certain factual allegations in the Amended Complaint in deciding the Defendants' Motion to Dismiss. Plaintiffs go as far as accusing the Court of "cherry picking which facts to present…" and claiming that this resulted in "an opinion supporting only the facts the Court wants to rely upon, not all of the facts that heave been set forth in the Amended Complaint." (Motion for Reconsideration, p. 7.)

To the extent Plaintiffs' request for reconsideration is based on Rule 60(b)(1), their argument is futile. A motion seeking relief under Rule 60(b)(1) requires the moving party to establish "mistake, inadvertence, surprise, or excusable neglect" *on his or her part*. *See* Rule 60(b)(1). Plaintiffs do not focus on their own inadvertence or neglect but, rather, allege that this rule applies because this Court made a mistake. While some courts hold that the term "mistake" as used in Rule 60(b)(1) may apply to errors of the court, including errors of law, this Court has held that an error of law cannot be regarded as a "mistake" within the purview of Rule 60(b)(1). *See Fisher v. Kadant, Inc.*, 589 F.3d 505, 513 (C.A.1 (Mass.) 2009) ("Some courts hold that the term "mistake," as used in Rule 60(b)(1), applies to errors of the court, including errors of

34722176v1 0985988

law....Conversely, this court has held that an error of law cannot be regarded as a "mistake" within the purview of Rule 60(b)(1)."); *Silk v. Sandoval,* 435 F.2d 1266, 1267 (1st Cir.1971) (broad application of Rule 60(b)(1) to "any type of judicial error" would render Rule 59(e) superfluous). Thus, even if the Court made a mistake, which is not the case, Rule 60(b)(1) provides no basis for altering the judgment because Plaintiffs are not seeking relief from their own mistakes, but rather those purportedly made by the Court. As Rule 60(b)(1) is not applicable to alleged errors made by the Court, Plaintiffs' reliance on this provision is misplaced, and the Court should deny Plaintiffs' Motion.

Plaintiffs are precluded from seeking relief pursuant to Rule 60(b)(6) because they also seek relief pursuant to other subsections of Rule 60(b). Having sought a remedy under Rule (60)(b)(1), Plaintiffs may not avail themselves of remedies under Rule (60(b)(6). As explained by the court in *Carr v. District of Columbia*:

> As has been held in many cases, however, clause (6) and the first five clauses of Rule 60(b) are mutually exclusive, with the result that clause (6) affords no basis for relief at any time available under either of the earlier clauses . . . . The historical antecedents of Rule 60(b)(6) suggest that construction, the very cast of Rule 60(b) and the language of clause (6) strongly indicate it, and a different construction would render the one-year time limit applicable to clauses (1) to (3) meaningless.

543 F.2d 917, 926 (D.C. Cir. 1976). *See Klapprott v. United States*, 335 U.S. 601, 613 (1949); *Ungar v. Palestine Liberation Organizations*, 599 F.3d 79, 85 (1st Cir. 2010).

Further, Rule 60(b)(6) is inapplicable because there are no extraordinary and exceptional circumstances involved in the instant matter. Indeed, Plaintiffs' Motion is simply a rehash of the same factual allegations contained in their Amended Complaint and arguments in opposition to Defendants' Motion to Dismiss already heard by this Court at oral argument on October 5, 2016. The Court already considered the arguments Plaintiffs raise here, and these arguments were

8

found to be meritless. Plaintiffs cannot rely on arguments that have already been made to—and rejected by—the Court simply because they do not like the Court's ruling. *U.S. v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) ("Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures" or to "simply repeat the arguments set forth" previously.); *Annobil*, 2014 WL 7384758, at *3 (repeated arguments not basis for reconsideration); *Northwest Bypass Grp. v. U.S. Army Corps of Eng'rs*, 552 F. Supp. 2d 137, 144 (D.N.H. 2008) (rejected approach that "whenever a litigant is disappointed, he is free to ask the court to mull it over again, this time favorably to his position"). As a result, there is no basis to grant Plaintiffs' Motion.

## V.   <u>CONCLUSION</u>

For the reasons stated above, the Defendants, American Home Mortgage Servicing, Inc., Deutsche Bank as Trustee for American Home Mortgage Assets Trust 2007-2, Homeward Residential, Inc., Mortgage Electronic Registration Systems, Inc. and Ocwen Loan Servicing, LLC, respectfully request that the Court deny Plaintiffs' Motion for Reconsideration.

*[SIGNATURE PAGE FOLLOWS]*

34722176v1 0985988

Respectfully submitted,

Attorneys for Defendants,

AMERICAN HOME MORTGAGE
SERVICING, INC., DEUTSCHE BANK
NATIONAL TRUST COMPANY AS TRUSTEE
FOR AMERICAN HOME MORTGAGE ASSETS
TRUST 2007-2 MORTGAGE-BACKED
PASS-CERTIFICATES, SERIES 2007-2,
HOMEWARD RESIDENTIAL, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS INC.
and OCWEN LOAN SERVICING, LLC,


*/s/ Vanessa V. Pisano*
Samuel C. Bodurtha, BBO #665755
Vanessa V. Pisano, BBO #679649
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: (617) 213-7000 / Fax: (617) 213-7001
Email:  sbodurtha@hinshawlaw.com
        vpisano@hinshawlaw.com


## CERTIFICATE OF SERVICE

I, Vanessa V. Pisano, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 22, 2017.

*/s/ Vanessa V. Pisano*
Vanessa V. Pisano

34722176v1 0985988