# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| TIMOTHY C. HARRY and ) <br> KAREN C. HARRY ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERICAN BROKERS CONDUIT; et al. ) <br> ) <br>    Defendants. ) <br> _____) | Case No. 16-cv-10895-FDS |

---

**PLAINTIFFS' REPLY TO DEFENDANTS' FIDELITY NATIONAL FINANCIAL, INC., FIDELITY NATIONAL TITLE COMPANY, AND FIDELITY NATIONAL TITLE GROUP, INC., MEMORANDUM IN OPPOSITION [DOC. 125] TO PLAINTIFFS' MOTION FOR RECONSIDERATION [DOC. 124]**

---

Plaintiffs Timothy C. Harry, and Karen C. Harry, by and through their undersigned counsel, hereby reply to the Fidelity Defendants' Memorandum in Opposition [Doc. 125], to Plaintiffs' Motion for Reconsideration [Doc. 124].   For the reasons set forth more fully herein, the Fidelity Defendants' Memorandum in Opposition should properly be disregarded.

Defendants believe "Plaintiffs Motion …. contains no argument that any element of Rule 60 applies here."   Defendants further argue on page 5 "Plaintiffs' Motion for reconsideration is both meritless and procedurally improper and should be denied."

Defendants also state "Plaintiffs' litigation against the Fidelity Defendants has reached its end."  Page 5.  Clearly, Defendants believe that the Court's ruling granting Defendants Motion to Dismiss is a final order.  As a final order, it is appropriate for the Plaintiffs to file a Motion for

Reconsideration and a Memorandum of Law in support of their Motion for Reconsideration under 59(e) and 60(b).

Defendants state that "Plaintiffs' Motion for Reconsideration states no cognizable grounds for relief."  However, nowhere, other than in the plain language of the Federal Rules of Civil Procedure is there a requirement to state to the Court why the Motion for Reconsideration is filed with the accompanying Memorandum of Law.  The Motion for Reconsideration and the accompanying Memorandum of Law set forth with specificity the numerous manifest legal errors contained in the Memorandum of Law and Order dismissing the Defendants.

The Defendants state that "Plaintiffs' litigation against the Fidelity Defendants has reached its end."  Page 5, is a falsehood on so many levels.  Defendants forget that Ocwen will be on trial and apparently Defendants don't think the First Circuit Court of Appeals or the United States Supreme Court will have a say in the fraud the Defendants habitually engaged in against the Plaintiffs.

The power to reconsider "is committed to the discretion of the district court…. And doctrines such as law of the case….. have evolved as a means of guiding that discretion" *Kashyap, LLC v. Natural Wellness USA, Inc. et. al*. Civil Action No. CBD-11-459, December 14, 2011 (D. Md) quoting *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc*., 326 F.3d 505, 515 (4th Cir. 2003).  Courts may use the "standards set forth in Rules 59(e) and 60(b)…. As guideposts in determining whether reconsideration is warranted." *Id*. quoting *Robinson v. Fountainhead Title Grp. Corp.* 252 F.R.D. 275, 291-92 (D. Md. 2008).

As is clear from the Plaintiffs' Memorandum of Law for Reconsideration, the crux of the memorandum of law and what is argued repeatedly is the manifest legal error the Court made in legitimizing a transaction that cannot be legitimized. The Court dismissed Plaintiffs action

against the Defendants before ruling on the Plaintiffs' Entry of Defaults against APEX and

American Brokers Conduit.  Entry of Default against APEX and American Brokers Conduit

changes the fact pattern on which the Defendants and the Court relies.  To dismiss claims against

the Defendants while two extremely important rulings are pending results in a manifest error of

law.  And, a manifest error of law is one of the grounds allowed for a Motion for

Reconsideration.

Defendants go on and on that Plaintiffs' repeated their arguments in the Memorandum of

Law for Reconsideration.  To say this is an attempt at a "second bite at the apple" is to miss the

whole point of the Memorandum of Law for Reconsideration and what the Plaintiffs are

pleading.  Plaintiffs were applying the absolute correct facts to the unequivocal law as stated in

the Massachusetts General Statutes, case law and rulings by the Massachusetts Banking

Commission.

Defendants states incorrectly "The only argument that does not appear in both memoranda

appears to be "unclean hands" which is improperly raised for the first time in the Motion for

Reconsideration at p. 42."  First, unclean hands is raised in the Memorandum of Law for

Reconsideration in support of the Motion for Reconsideration, not in the Motion for

Reconsideration.  Second, the Defendants did not  read the Amended Complaint because if

Defendants had read the Amended Complaint, they would realize Plaintiffs have plead with

specificity the Fidelity Defendants and all Defendants have unclean hands ten separate times in

their Amended Complaint at ¶¶ 29, 47, 57, 68, 87, 126, 136, 145, 274, and 286.  Plaintiffs have

presented the doctrine of "unclean hands" since the filing of the Plaintiffs' Amended Complaint.

Pursuant to Article II Judicial Notice Section 201.(b)(2) and 201.(c) Plaintiffs request the

Court to take judicial notice of *AHMSI V. Lender Processing Services, Inc., and DOCX, LLC,*

No. 11-10440, District Court of Dallas County, Texas (August 23, 2011).  This pleading confirms Plaintiffs contention the Fidelity Defendants have unclean hands.  This case is not being presented for the first time in this Memorandum of Law.  This case was read into the record at the October 5, 2016 hearing transcript at page 27, line 19.

Defendants argue in footnote 4, page 4, "The Amended Complaint makes no allegation that the deed through which they obtained title was forged."  They are correct.  The deed through which Plaintiffs obtained title to their property when they purchased it is not at issue and never has been in this case.

Finally, while the Plaintiffs understand these Defendants not wanting to be held liable for their illegal actions, their bold conclusion on page 5 "Plaintiffs' litigation against the Fidelity Defendants has reached its end." is not true.  Whether the Court's case docket is overwhelmed and inadvertent mistakes have been made or the Courts' legal staff inadvertently made mistakes on the Courts behalf pursuant to Fed. R. Civ. Procedure 60(b)(1), or any other reason that justifies relief Fed. R. Civ. P. 60(b)(6), the Courts Memorandum And Order [Doc. 120], contains multiple and manifest error of law rulings which the Plaintiffs have brought to the Courts attention as being in contradiction to the laws of Massachusetts, the laws of the United States, and the Federal Rules of Civil Procedure.  Plaintiffs believe the Court has mistakenly and inadvertently done so and should be given the opportunity to correct them out of respect for the Court.

## Conclusion

The Defendants Memorandum in Opposition [Doc. 125] should be disregarded.

Dated:  March 6, 2017                    Respectfully Submitted By,
                                         Timothy C. Harry and Karen C. Harry
                                         By Their Attorney

                                         */s/ Tina L. Sherwood*_____
                                         Tina L. Sherwood BBO#662047
                                         17 Main ST
                                         Hopkinton, MA  01748
                                         (617) 930-3533
                                         tinasherwood@verizon.net


## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing Reply to Fidelity Defendants Memorandum in Opposition to Plaintiffs' Motion for Reconsideration [Doc. 125], has this day been forwarded via the Court's Electronic Filing System to counsel for defendants:


                                         */s/ Tina L. Sherwood*_____
Dated:  March 6, 2017                     Tina L. Sherwood BBO# 662047

5