UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY C. HARRY and )<br>KAREN C. HARRY )<br>     )<br>    Plaintiffs, )<br>     )<br>v. )<br>     )<br>AMERICAN BROKERS CONDUIT; et al. )<br>     )<br>    Defendants. )<br>_____  _____) | Case No. 16-cv-10895-FDS |

**PLAINTIFFS' REPLY TO DEFENDANTS' AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, INC.., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND OCWEN LOAN SERVICING, LLC'S OPPOSITION [DOC. 126] TO PLAINTIFFS' MOTION FOR RECONSIDERATION [DOC. 124]**

Plaintiffs Timothy C. Harry, and Karen C. Harry, by and through their undersigned counsel, hereby reply to the American Home Mortgage Servicing, Inc. ("AHMSI"), Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-2 ("Deutsche Bank as Trustee"), Homeward Residential, Inc. ("Homeward"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Ocwen Loan Servicing, LLC's ("Ocwen") Opposition [Doc. 126], to Plaintiffs' Motion for Reconsideration [Doc. 124].  For purposes of this Memorandum of Law these Defendants shall be referred to as the "Servicing Defendants" unless otherwise noted.  For the reasons set forth more fully herein, these Defendants' Opposition should properly be disregarded.

Servicing Defendants stated in their Memorandum of Law accompanying their Motion to Dismiss [Doc. 54, Footnote 3, p. 2], "Defendants accept as true the factual allegations of the Amended Complaint as true for purposes of their Motion to Dismiss".  This judicial admission by Defendants requires the Court to accept as true and plead in the Amended Complaint that American Brokers Conduit was not a legal entity in Massachusetts (or anywhere), had no NMLS lender license in Massachusetts or otherwise, had no MERS MIN#, the Plaintiffs signatures have been forged and the alleged note and mortgage is void ab initio.  Given these admitted facts it is impossible for the Court to grant Defendants Motion to Dismiss [Doc. 53] and reconsideration of the Courts Memorandum and Order [Doc. 120] under Rule 59(e) granting the Defendants Motion to Dismiss is certainly appropriate.

## I.     Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure can be quite confusing as is demonstrated by research and reading decisions across the thirteen Courts of Appeals.  The Defendants want to make much about the fact that the Plaintiffs filed their Motion for Reconsideration and accompanying Memorandum of Law under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).

Fed. R. of Civ. P. Rule 54(b) states:

> "When an action presents more than one claim for relief – whether as a claim, counterclaim, cross claim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

There is confusion between the two sentences where as in this case, there are nine defendants and twelve counts against the nine defendants.  The Honorable Judge Saylor's "Memorandum and Order on Defendants' Motions to Dismiss and Motion to Strike [Doc. 120]

2

states at page 27 A. 'Defendants American Home Mortgage Servicing Inc., Deutsche Bank National Trust Company, Homeward Residential, Mortgage Electronic Registration Systems, Inc. and Ocwen Loan Servicing, LLC's motion to dismiss (Docket No. 53) is GRANTED in part and DENIED in part.  All claims against those defendants are dismissed for failure to state a claim upon which relief can be granted except for the claim in Count Four as to defendant Ocwen Loan Servicing, Inc." At the end, the Honorable Judge Saylor wrote "**So Ordered**".

Indeed at Paragraph B on Page 27, the Honorable Judge Saylor wrote "Defendants Fidelity National Financial, Inc., fidelity National Title Insurance Company and Fidelity National Title Group, Inc.'s motion to dismiss (Docket No. 57) is GRANTED.  **So Ordered**."  Fidelity, in their Opposition Motion to Plaintiffs' Motion for Reconsideration believes this to be a final order because at page 5 of their [Doc. 125] they state "Plaintiffs' litigation against the Fidelity Defendants has reached its end."

The Fidelity Defendants are reading Fed. R. Civ. P. 54(b) as Plaintiffs interpret Judge Saylor's order, yet the Servicing Defendants say Judge Saylor's order is not final as to the Defendants he dismissed.

"The power to reconsider "is committed to the discretion of the district court… and doctrines such as law of the case… have evolved as a means of guiding that discretion." *Kashyap, LLC v. Natural Wellness USA, Inc, et. al.*, Civil Action No. CBD-11-459 December 14, 2011 (D. Md) quoting Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F. 3d 505, 515 (4th Cir. 2003). Courts may use the "standards set forth in Rules 59(e) and 60(b) … as guideposts in determining whether reconsideration is warranted." *Id*. quoting *Robinson v. Fountainhead Title Grp, Corp.*, 252 F.R.D. 275, 291-292 (D. Md. 2008)

The Fed. Rules of Civ. P. allow two avenues for parties to Motion the Court for reconsideration of a ruling.  It is up to the Court to decide which Federal Rule is most applicable to the Motion and Memorandum of Law not the opposing party.  Of course, a Motion for Reconsideration is going to be filed within the time limit set forth under Rule 59(e) for Fed. R. of Civ. P. 59(e) to be given consideration.  And of course, the moving party is going to include the right to move for reconsideration under Fed. R. of Civ. P. 60(b) at the same time because they are both applicable.  If the Committee drafting the Fed. R. of Civ. P. wanted there to be only one avenue for Reconsideration allowed to a moving party, why would they draft two?

**II.     Manifest Error of Law**

Under Rule 59(e), a Court may alter or amend a judgment in three circumstances:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Bogart v. Chapell, 396 F. 3d 548, 555 (4th Cir. 2005); "or has made an error not of reasoning by of apprehension." *Ruiz Rivera v. Pfizer Pharm., LLC*, 551 F.3d 76, 81-82 (1st Cir. 2008).

Defendants state in [Doc. 126 Pg 2] "Plaintiffs have failed to establish any reason why the Court should reverse its dismissal of Plaintiffs' claims."  This is not true.  Plaintiffs have raised and addressed a serious manifest error of law the Court made in arriving at its ruling.

The Court's Memorandum and Order states "This is not a typical situation in which the homeowner plaintiffs are seeking to forestall a mortgage foreclosure, contending that there is some defect in the assignment of the mortgage or the note.  Instead, plaintiffs claim that the entire 2006 lending transaction should be declared void. " [Doc. 120, pg 2].  The Court states "Plaintiffs have now filed suit, alleging in substance that the note and mortgage are void because the lender American Brokers Conduit, was not an incorporated entity and was not licensed to do

4

business in any state at the time of the loan." [Doc. 120 Pgs 1-2].  Then the Court ignores this fact throughout the entire Memorandum of Law.  Further, as the Plaintiffs set forth in their Motion for Reconsideration and Memorandum of Law, the Court has not ruled on Plaintiffs' request for Motion for Entry of Default Judgment against APEX Mortgage Loan Services and American Brokers Conduit.  This request has been outstanding since July 8, 2016 [Docs. 38 & 39].  This ruling is crucial to the reading and interpretation of the facts well plead in the Plaintiffs Amended Complaint.  The Court ignoring the validity and legitimacy of Defendant American Brokers Conduit and treating this entity as though it had the power to write a note and mortgage is a manifest error of the law.  Massachusetts General Statutes set forth who or what may be a lender in Massachusetts.  Massachusetts General Statutes states that Massachusetts participates in theNational Mortgage Licensing System and Registry (NMLS).  American Brokers Conduit never has been and was not registered as a lender.

And the Courts rational to find that the statute of limitations has run on all claims is a manifest error of law.  No applauding by the Defendants in the Opposition Motion to Plaintiffs Reconsideration and Memorandum of Law can change these facts.  If the Court applied the law as written in the Massachusetts General Statutes, the Court would have concluded that a non-legal non-existent entity who is in default for failing to defend and plead wrote the note and the mortgage.  The document relied on by all Defendants is void; and the Defendants have known it all along.

The well settled law, not only in the Commonwealth, but as a whole is that the statute of limitations never runs where the underlying documentation is void.  The Court commits a manifest error of law legitimizing a void document to arrive at the Statute of Limitations has run. This is the crux of the Plaintiffs position in its Motion for Reconsideration and accompanying

Memorandum of law.  Plaintiffs were not just reiterating arguments that the Court has already heard, Plaintiffs were stressing the manifest legal errors presented in the Memorandum of Law and Order dismissing the Defendants when the well settled law on void documents was ignored and dismissed.  Repetition cannot be helped in pleading for accurate interpretation of well settled law and plainly written statutes.

Further the Courts' (and the Defendants) misplaced understanding, reading and application of Fed. R. Civ. P. 15(a)(3) conflicts with the Federal Circuit Court of Appeals decision in *General Mills v. Kraft Foods* as outlined in Plaintiffs Motion for Default against these Defendants [Doc. 99].  Neither the Court nor the Defendants provided **any** case cite or authority to support why they should not be defaulted for failure to defend, answer, plead, or request tolling pursuant to Fed. R. Civ. P. 7, 8, 15, and 15(a)(3).  This alone is fatal to the Defendants and here the Court abused its discretion when the Court did not provide a reasoning as to why the Federal Circuit Court of Appeals decision is faulty.

## Conclusion

The Defendants Memorandum in Opposition [Doc. 126] should be disregarded and found to be frivolous.  According to Massachusetts law, Federal law, and the Federal Rules of Civil Procedure, the Plaintiffs respectfully request that the Court honor and approve of Plaintiffs Motion for Reconsideration. [Doc 124].

Dated:  March 8, 2016 

Respectfully submitted,
THOMAS HARRY, JR. and
GRETCHEN C. HARRY
By their Attorney

*/s/ Tina L. Sherwood*_____
Tina L. Sherwood BBO# 662047
17 Main ST
Hopkinton, MA  01748
(617) 930-3533

6

**CERTIFICATE OF SERVICE**

      I, Tina Sherwood, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 8, 2016.

                                               */s/ Tina L. Sherwood*_____
                                               Tina L. Sherwood