UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TIMOTHY C. HARRY and KAREN C. HARRY, <br><br>                Plaintiffs, <br><br>        v. <br><br> AMERICAN BROKERS CONDUIT, et al., <br><br>                Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) 16-10895-FDS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

SAYLOR, J.

Plaintiffs have moved for default judgment as to defendants American Brokers Conduit and Apex Mortgage Services. A default was entered against both defendants under Fed. R. Civ. P. 55(a) on June 28, 2016.

On July 8, 2016, plaintiffs moved for entries of default judgment against those same defendants. Because it was unclear whether plaintiffs had properly completed service of process on those defendants, this Court issued an order to show cause on December 22, 2016. Plaintiffs responded on January 12, 2017.

Under Fed. R. Civ. P. 4(e), there are four ways by which to serve an individual defendant within a federal judicial district: (1) by following the requirements of state law for serving a summons in actions brought in the courts of general jurisdiction in the state where the district court is located or where service is made (here, Massachusetts); (2) by delivering a copy of the summons and the complaint to the individual personally; (3) by leaving copies of those items at the individual's dwelling or usual place of abode with someone of suitable age and discretion

who resides there; or (4) delivering copies to an agent authorized by appointment or by law to receive service of process.

In Massachusetts, service can be made upon a foreign corporation by "delivering a copy of the summons and of the complaint [1] to an officer, [2] to a managing or general agent, or [3] to the person in charge of the business . . . or [4] by delivering such copies to any other agent authorized by appointment or by law to receive service of process . . . ." Mass. R. Civ. P. 4(d)(2).

As relevant here, American Home Mortgage Corp. registered as a foreign corporation with the Massachusetts Secretary of State in 1999. (Docket No. 119 at 2). The corporation also did business as "American Brokers Conduit." *In re: Am. Home Mortgage Corp. d/b/a Am. Brokers Conduit*, 2007 WL 7313130 (Mass. Con. Affair & Bus. Reg.). However, its registration was revoked in 2012. (Docket No. 119 at 2). Apex Mortgage Services registered as a foreign corporation with the Massachusetts Secretary of State in 2005. (*Id.* at 5). Its registration was similarly revoked in 2011. (*Id.*). Both corporations had appointed registered agents to receive service of process. An appointed constable, Merrill Smallwood, attempted to serve both defendants at the address of their respective registered agents, but both agents refused service.

When a foreign corporation's resident agent refuses to accept service, the foreign corporation is "deemed to have appointed the Secretary of State . . . to be its true and lawful attorney upon whom all lawful process in any action or proceeding may be served . . . ." Mass. Gen. Laws ch. 156D § 15.10(b). As Smallwood was unable to complete service on the designated agents, he served the Secretary of State pursuant to § 15.10(b). Accordingly, plaintiffs have shown cause that service of process was properly completed on defendants American Brokers Conduit and Apex Mortgage Services.

Although this action was brought against multiple defendants, only American Brokers Conduit and Apex Mortgage Services have defaulted. Fed. R. Civ. P. 54(b) states as follows: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The rule reflects the "long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trustees. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988). In keeping with that policy, "entry of judgment under the rule should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Id.* Rather, "Rule 54(b) should be employed with great circumspection." *Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 318 n.3 (1st Cir. 2009); *see Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012) ("Rule 54(b) should be applied sparingly."). It is "designed to be used where the problem and circumstances are of an exceptional nature, . . . in order to avoid some perceptible danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Village West Assoc. v. Rhode Island Housing and Mortg. Finance Corp.*, 641 F. Supp. 2d 135, 137 (D.R.I. 2009) (internal quotation marks omitted) (quoting *Walden v. City of Providence*, 450 F. Supp. 2d 172, 174 (D.R.I. 2006)).

Plaintiffs here have not attempted to demonstrate any danger of hardship or injustice if separate judgment does not issue, and no such danger is manifestly evident. Accordingly, the Court will follow the normal practice of withholding final judgment until all claims have been resolved. The Court will deny plaintiffs' motion without prejudice, and judgment shall not enter against American Brokers Conduit and Apex Mortgage Services until the case has been

adjudicated as to the remaining defendant, so as to avoid the risk of inconsistent judgments.  *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *see also* Fed. R. Civ. P. 54(b).

For the foregoing reasons, plaintiffs' motions for default judgment as to defendants American Brokers Conduit and Apex Mortgage Services are DENIED without prejudice to their renewal at an appropriate time.

**So Ordered.**

|  |  |
|---|---|
|  | /s/  F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated:  October 23, 2017 | United States District Judge |