**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

TIMOTHY C. HARRY and KAREN C.
HARRY,

    *Plaintiff*s,

v.

AMERICAN BROKERS CONDUIT, APEX
MORTGAGE SERVICES, FIDELITY
NATIONAL TITLE GROUP, AMERICAN
HOME MORTGAGE SERVICING, INC.,
DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR AMERICAN
HOME MORTGAGE ASSETS TRUST 2007-2
MORTGAGE-BACKED PASS-
CERTIFICATES, SERIES 2007-2,
HOMEWARD RESIDENTIAL, MORTGAGE
ELECTRONIC RECORDING SYSTEM, INC.,
OCWEN LOAN SERVICING and KORDE &
ASSOCIATES,

    *Defendants*.

CIVIL ACTION NO. 16-10895

## DEFENDANT OCWEN LOAN SERVICING, LLC'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

   Pursuant to Fed. R. Civ. P. 56(a), the Defendant, Ocwen Loan Servicing, LLC

("Ocwen"), submits the following Statement of Undisputed Facts in support of its Motion for

Summary Judgment.

  **A.** **Origination, Assignment, Servicing and Plaintiffs' Default on their Mortgage Loan.**

   1. On or about December 21, 2006, the Plaintiffs, Timothy Harry ("Mr. Harry") and

Karen Harry ("Ms. Harry") (collectively, "Plaintiffs"), executed an adjustable rate note ("Note")

in favor of American Brokers Conduit ("American Brokers") in the original principal amount of

$450,000.00. (Note, *Exhibit A*.)

2.      Plaintiffs were both present for the closing, which took place at their home, on property located at 31 Marway, Mashpee, Massachusetts (the "Property"). (Deposition Transcript of Karen Harry, *Exhibit B*, p. 46:23-24; Deposition Transcript of Timothy Harry, *Exhibit C*, pp. 65:21-24, 66:1-5.)

3.      Plaintiffs obtained this loan to refinance an existing mortgage loan on the Property. (Amended Complaint, ¶ 17; *Exhibit B*, p. 40:2-10; *Exhibit C*, p. 49:19-24, 55:3-9, 56:2-4, 60:5-7.)

4.      Plaintiffs' refinance secured a lower interest rate and a lower monthly payment. (*Exhibit B*, p. 41:1; *Exhibit C*, p. 50:1-4.)

5.      A portion of the refinance loan was used to pay off an existing mortgage loan that the Plaintiffs granted to Countrywide Home Loans, Inc. ("Countrywide Mortgage") in the principal amount of $428,000. Plaintiffs also received approximately $12,000 cash-out as part of the transaction. (*Exhibit B*, pp. 42:12-19, 104:20-25, 105:1; *Exhibit C*, pp. 63:16-24, 64:1-2.)

6.      After the Countrywide Mortgage was paid off, a discharge of mortgage ("Countrywide Mortgage Discharge") was recorded at the Barnstable County Registry of Deeds on Book 21691, Page 15. (Countrywide Mortgage Discharge, *Exhibit D*.)

7.      Plaintiffs used the funds received from the cash-out for home improvements. (*Exhibit B*, p. 42:17-19; *Exhibit C*, p. 46:9-14.)

8.      To secure their obligations under the Note, Plaintiffs also executed a mortgage dated December 21, 2006 in favor of American Brokers ("Mortgage," together with Note, "Loan"), which encumbered the Plaintiffs' Property. (Mortgage, *Exhibit E*.)

9.      Plaintiffs made approximately twenty (20) payments on the mortgage loan before they stopped in or around November of 2008. (*Exhibit B*, pp. 65:1-22, 73:8-22; *Exhibit C*, p. 51:20-24.)

10.     Plaintiffs' last payment made on the Loan was applied to their October 1, 2008 payment. (Notice of Default dated June 10, 2015, *Exhibit F.*)

11.     Plaintiffs stopped making payments because they believed that they had been "duped" into entering into a predatory loan. (*Exhibit B*, p. 68:8-9; *Exhibit C*, pp. 98:20-24, 99:1-18.)

12.     Plaintiffs sought legal counsel because they believed the loan was predatory and they wanted help to get out of it. (*Exhibit B*, p. 68:2-18; *Exhibit C*, pp. 99:19-24, 100:1-6.)

13.     On or about May 1, 2009, MERS assigned Plaintiffs' Mortgage to Deutsche Bank as Trustee ("Assignment"). (Assignment, *Exhibit G.*)

14.     On or about July 7, 2011, MERS executed a confirmatory assignment of the Mortgage to Deutsche Bank as Trustee ("Confirmatory Assignment"). (Confirmatory Assignment, *Exhibit H.*)

15.     Ocwen is the current servicer of Plaintiffs' Loan for Deutsche Bank as Trustee and has been servicing the Loan since March, 2013. (Welcome Letter from Ocwen to Plaintiffs, *Exhibit I.*)

16.     Plaintiffs do not dispute that the previous mortgage loan held by Countrywide Mortgage was paid off from the funds from the loan transaction with American Brokers or that they received cash-out of approximately $12,000 that they used to make home improvements. (*Exhibit B*, p. 79:11-20; *Exhibit C*, pp. 20:7-10, 46:9-14.)

302093836v1 0985988

17.     Plaintiffs do not dispute that they have engaged in repeated requests for mortgage assistance including submission of multiple applications for loan modification throughout the lifetime of the Loan. (*Exhibit C*, pp. 110-15.)

18.     Plaintiffs were offered loan modifications and other loss mitigation options to avoid foreclosure. (*Exhibit B*, pp. 80:19-25, 81:1-6; *Exhibit C*, pp.110-15.)

19.     Plaintiffs failed or refused to accept any of the options offered and have admitted they only submitted the mortgage assistance applications to stall foreclosure. (*Exhibit B*, pp. 66:1-6, 68-69; *Exhibit C*, p. 116:15-20.)

20.     After Plaintiffs failed to accept any of the loan modification offers and remained in default on their Loan, Deutsche Bank as Trustee initiated and proceeded with foreclosure. (Notice of Intent to Foreclose dated February 13, 2015, *Exhibit J*.)

21.     On or about February 13, 2015, Ocwen sent Plaintiffs notice of intent to foreclose on the Property on behalf of Deutsche Bank as Trustee. (*See id*.)

22.     On or about March 20, 2015, after receiving the notice of intent to foreclose, Plaintiffs sent Ocwen a notice of rescission under the Federal Truth in Lending Act ("TILA") alleging—for the first time—that the Loan was purportedly void and unenforceable because American Brokers was a "non-existent" entity unlicensed to conduct business in the Commonwealth of Massachusetts. (Notice of Rescission dated March 20, 2015, *Exhibit K*.)

23.     Ocwen acknowledged receipt of the rescission notice by letter dated April 1, 2015. (Acknowledgement of Notice of Rescission dated April 1, 2015, *Exhibit L*.)

**B.     <u>American Brokers Was a Legal Entity Authorized to Conduct Business in Commonwealth of Massachusetts at the Time of the Loan's Origination.</u>**

24.     American Brokers Conduit is a subsidiary of American Home Mortgage Holdings, Inc. and was an active, duly-licensed foreign corporation at the time of the loan

302093836v1 0985988

origination in December, 2006. (American Home Mortgage Corp., d/b/a American Brokers Conduit, Melville, NY – Temporary Order to Cease and Desist dated August 2, 2007, *Exhibit M*.)

25.     According to records maintained with the Division of Banks for the Commonwealth of Massachusetts, the Commissioner of Banks initially issued a mortgage company license to American Home Mortgage to engage in the business of a mortgage lender and mortgage broker in Massachusetts on or about March 21, 2000, with license no. MC 1368. (*See id*.)

26.     American Brokers existed as a mortgage lender and broker licensed to conduct business in the Commonwealth of Massachusetts at the time of the loan origination in December, 2006. (*See id*.)

**C.    Plaintiffs' Remaining FDCPA Claim against Ocwen.**

27.     Ocwen continued to service the Loan after sending Plaintiffs the Notice of Intent to Foreclose dated February 13, 2015, and proceeded with foreclosure efforts on behalf of Deutsche Bank as Trustee. (Amended Complaint, ¶¶ 181-88.)

28.     On June 10, 2015, Ocwen issued Notice of Default to Plaintiffs stating an amount past due of $223,611.23 and demanding that amount to cure and avoid foreclosure. (*Exhibit F*.)

29.     After receiving the Notice of Default, Plaintiffs neither paid Ocwen the amount to cure to avoid foreclosure or made any payments to Ocwen on their account because Plaintiffs testified that Ocwen was attempting to collect to collect on a mortgage loan that was void and unenforceable. (*Exhibit B*, p. 95:5-15; *Exhibit C*, pp. 155-56.)

302093836v1 0985988

30.    The amount to cure, $223,611.23, included in the Notice of Default dated June 10, 2015 reflects the amount past due at the time the letter was sent. (Affidavit of Katherine Ortwerth, *Exhibit N*.)

31.    On July 1, 2015, Ocwen sent Plaintiffs a letter notifying them that their loan was past due, that a payment of $223,614.37 was needed to reinstate their loan, and that if payment was not received their loan would be referred to foreclosure. (Notice of Intent to Foreclose dated July 1, 2015, *Exhibit O*.)

32.    Plaintiffs testified that the letter was "inaccurate" because "there was nothing owed" on the account since the loan was purportedly "void" and "nonexistent." (*Exhibit B*, pp. 97:5-24, 98:1-4.)

33.    The reinstatement amount, $223,614.37, included in the Notice of Intent to Foreclose dated July 1, 2015 reflects the reinstatement amount due and status of the loan at the time the letter was sent. (Affidavit of Katherine Ortwerth, *Exhibit N*.)

34.    On January 28, 2016, Korde & Associates ("Korde") sent correspondence to Plaintiffs representing Ocwen, and on behalf of Deutsche Bank as Trustee, which threatened litigation in collection of the debt and providing 30 days to respond. (Notice to Foreclose dated January 28, 2016, *Exhibit P*.)

35.    Plaintiffs, again, testified that this letter generally misrepresented the validity of the debt because Korde, on behalf of the investor, was attempting to collect on a debt that was void and unenforceable. (*Exhibit B*, pp. 100-01; *Exhibit C*, pp. 172-73.)

36.    The total debt amount, $760,634.62, included in the Notice of Foreclosure dated January 28, 2016, reflects the total amount owed and status of the loan at the time the letter was sent. (Affidavit of Katherine Ortwerth, *Exhibit N*.)

302093836v1 0985988

37.     On or about March 18, 2016, Plaintiffs sued Ocwen, among other defendants, to challenge foreclosure and obtain monetary damages. (Amended Complaint, *generally*.)

38.     On or about January 12, 2017, this Court granted Ocwen's Motion to Dismiss as to all counts except for Plaintiffs' FDCPA claim asserted against Ocwen. (Court's Order dated January 12, 2017 regarding Defendants' Motion to Dismiss, *Exhibit Q*.)

Respectfully submitted,

Attorneys for Defendant,

OCWEN LOAN SERVICING, LLC,

/s/ *Vanessa V. Pisano*

Samuel C. Bodurtha, BBO #665755
Vanessa V. Pisano, BBO #679649
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: (617) 213-7000 / Fax: (617) 213-7001
Email:  sbodurtha@hinshawlaw.com
        vpisano@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Vanessa V. Pisano, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 29, 2018.

/s/ *Vanessa V. Pisano*

Vanessa V. Pisano

302093836v1 0985988