UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY C. HARRY and KAREN C. HARRY,<br><br>    *Plaintiff*s,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, APEX MORTGAGE SERVICES, FIDELITY NATIONAL TITLE GROUP, AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, MORTGAGE ELECTRONIC RECORDING SYSTEM, INC., OCWEN LOAN SERVICING and KORDE & ASSOCIATES,<br><br>    *Defendants*. | CIVIL ACTION NO. 16-10895 |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiffs, Timothy C. Harry and Karen C. Harry, oppose Ocwen Loan Servicing, LLC's ("Ocwen") summary judgment motion solely on a flawed and unsubstantiated argument that their loan is somehow "void and unenforceable" because they believe the originating lender, American Brokers Conduit ("American Brokers"), was a non-existing entity unlicensed to lend money. To prevail on their Federal Debt Collection Practices Act ("FDCPA") claim, Plaintiffs were required to offer undisputed facts and record evidence showing that Ocwen used unconscionable means to collect on a debt or provided Plaintiffs misleading information

regarding their mortgage loan. Not only have the Plaintiffs failed to present any undisputed evidence of an FDCPA violation in their Summary Judgment Motion, their Opposition to Ocwen's Motion is equally devoid of any evidence necessary to sustain an FDCPA claim.

The record before this Court omits any evidence that would establish a FDCPA violation against Ocwen. Instead, the undisputed facts show that Plaintiffs are indeed not pursuing any viable servicing error against Ocwen but in reality persist in a predatory lending case to avoid their mortgage, which this Court previously dismissed on statute of limitation grounds. The fatal flaw of their remaining FDCPA claim, or any claim for that matter, is demonstrated by the fact that Plaintiffs admit that they signed the mortgage documents, and further admit that they received funds from the loan transaction. It is worth emphasizing at the outset that Plaintiffs unquestionably received the benefit of a $445,000 loan. They now pursue their sole remaining FDCPA claim as a last-ditched attempt to get out of a mortgage loan that they received and agreed to pay. For the reasons discussed below, and incorporating Ocwen's arguments in its Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment, Plaintiffs' FDCPA claim fails as a matter of law.

## II.     ARGUMENT

### A.     Plaintiffs' Response to Ocwen's Statement of Undisputed Material Facts Does Not Comply with Local Rule 56.1

Pursuant to Local Rule 56.1, "[a] party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. In accordance with Local Rule 56.1, the court credits only facts properly supported by accurate record citations. *See* Local Rule 56(1). Plaintiffs' Response to Ocwen's Statement of Undisputed Material Facts ("SOF") does not comply with Local Rule 56.1 for several reasons.

2

First, Plaintiffs' Response to Ocwen's SOF is riddled with unsubstantiated arguments and conclusory allegations that the Court must disregard. For example, in response to Ocwen's statement that "Plaintiffs obtained this loan to refinance an existing mortgage loan on the Property," Plaintiffs respond:

> Plaintiffs DENY the wording of this fact as the alleged refinancing was not provided by American Brokers Conduit and no one knows where the money came from. Defendant has not offered any evidence to the contrary. Further, Reference to Exhibit B is inaccurate. Only the first reference is Exhibit C is accurate.

(Plaintiffs' Response to Ocwen's SOF, ¶ 3.) In another example, responding to Ocwen's statement that "a portion of the refinance loan was used to pay off an existing mortgage Loan…and Plaintiffs also received approximately $12,000 cash-out as part of the transaction," Plaintiffs respond:

> Plaintiffs DENY the wording of this fact. This misrepresentation is designed to lure the court into the belief that American Brokers Conduit provided the alleged funds. The Defendant has not provided any evidence as to where the alleged funds in question came from. The references are inaccurate.

(Plaintiffs' Response to Ocwen's SOF, ¶ 5.) Under the rules, Plaintiffs may admit the statement, deny the statement, or qualify their response. *See* Local Rule 56.1. They may not deny the fact in reliance on self-serving allegations. Responses to statements of material fact are not the proper place to negotiate the truth or falsity of the evidence. The above examples are merely illustrative of Plaintiffs' inappropriate responses and are by no means exhaustive of Plaintiffs' misuse of their response to Ocwen's SOF as an opportunity to argue facts without any evidence to the contrary. This Court should disregard all argumentative and conclusory allegations, speculation, and improbable inferences disguised as facts in Plaintiffs' Response to Ocwen's SOF as they violate the spirit and letter of the local rules. *See Forestier Fradera v. Municipality of Mayaguez*,

440 F.3d 17, 21 (1st Cir.2006); *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

In addition to improperly attempting to negotiate the truth or falsity of the facts presented, numerous responses to statements of fact fail to cite any record evidence as required by Local Rule 56.1. *See* Local Rule 56.1. In accordance with Local Rule 56.1, the Court credits only facts properly supported by accurate record citations. *See id*. Thus, to the extent that Plaintiffs' responses are not supported by any affidavits, depositions or other evidence, this Court should disregard these unsubstantiated statements.

B. **Plaintiffs' Opposition Does Not Provide Any Record Evidence to Support Their FDCPA Claim**

To save their FCDPA claim, Plaintiffs argue that they provided sufficient evidence to show that Ocwen violated the FDCPA by: (1) sending Plaintiffs "109 notices for collection on the alleged note"; (2) charging Plaintiffs for litigation fees before this suit was filed; (3) forging Plaintiffs' signatures on loan documents; and (4) creating fraudulent loan documents. Plaintiffs' offhanded reference to the "109 notices" that Ocwen purportedly sent to Plaintiffs does nothing to support their FDCPA claim. Indeed, these unidentified notices provide no evidence, no detail and no reference to specific instances in which Plaintiffs allege Ocwen violated the Act. Courts have held that bare allegations such as those made by Plaintiffs here are insufficient because plaintiffs must establish the times and contents of the communications at issue in order to state a claim for violation of the FDCPA. *See Chiras v. Assoc. Credit Servs., Inc.*, Civil Action No. 12-10871-TSH, 2012 WL 302509, at *1 (D. Mass. July 23, 2012) (unpublished) (dismissing plaintiff's claim pursuant to 15 U.S.C. § 1692c(c), alleging communications made after cease-and-desist letter sent, where complaint was "devoid of any 'factual enhancement' or specificity, such as the dates, times, or content of the allegedly unlawful telephone calls"); *see also Blaxill v.*

4

*Arrow Fin. Servs., LLC*, No. 5:10-CV-04520, 2011 WL 1299350, at *2 (N.D. Cal. Apr. 4, 2011) (unpublished) (dismissing FDCPA claim "[b]ecause the instant complaint lacks any factual particularity, such as the dates and contents of the alleged communications"). The "109 notices" do not support a claim for FDCPA because Plaintiffs fail to identify any of the notices, include the notices as evidence in the summary judgment record, or provide any detail regarding the dates and content of the alleged communications made by Ocwen.

      The infirmities of Plaintiffs' FDCPA claim at this point in the litigation are underscored by the fact that they do not reference any record evidence in their Opposition to support allegations that Ocwen violated the FDCPA because it "knew or should have known" that the loan was void, and because it forged loan documents. Quite the opposite, the undisputed record evidence shows that the loan was valid and enforceable. In fact, Plaintiffs admitted during their own depositions that they signed the mortgage and note for the purpose of refinancing their existing mortgage. (SOF, ¶¶ 2-3.) They admitted receipt of $12,000 in cash from this Loan and specifically testified that they used the money for home improvements to the Property. (SOF, ¶ 5.) Documents recorded in the Barnstable County Registry of Deeds demonstrate that Plaintiffs' prior mortgage with Countrywide was discharged after it was paid off immediately following the Loan closing in December, 2006. (SOF, ¶ 6.) Finally, Plaintiffs made two years of payments and only stopped making payments after they experienced financial difficulties as a result of losing income. (SOF, ¶¶ 9, 16.) Plaintiffs allege unknown or unjustified charges to their loan, which Ocwen has both refuted and justified in response to summary judgment, and Plaintiffs have testified a lack of recollection in signing certain loan documents, but Plaintiffs do not and cannot dispute the fact that they received a loan, they signed the mortgage and they signed the note promising to repay that loan.

Plaintiffs' failure to offer any objective, record evidence that Ocwen "knew or should have known the loan was void" or forged any documents—and their reliance on self-serving allegations and conclusory arguments to prove Ocwen violated the Act—is fatal to their claim. Because Plaintiffs have not identified any objective, record evidence to support their claim that Ocwen knew the loan was void and used unconscionable means to collect the debt, Plaintiffs' FDCPA claim fails and Ocwen is entitled to summary judgment.

C. **Plaintiffs Have Not Proven Through Objective, Record Evidence that American Brokers Was a "Non-Existing" Entity**

Plaintiffs' Opposition continues the argument that that their loan was void and unenforceable because American Brokers was a non-existing entity unlicensed to lend money to borrowers in Massachusetts. In support of their argument, Plaintiffs have argued that Ocwen fails to show that American Brokers was a subsidiary of American Home Mortgage Corp. on reliance of the Division of Banks' records and filings with the Securities and Exchange Commission (SEC). (Plaintiffs' Opposition, at p. 13.) Contrary to this argument, Ocwen has relied upon public records from governmental agencies. *See In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003) (finding that matters of public record are susceptible to judicial notice.) The Federal Rules of Evidence require judicial notice of an adjudicative fact "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Here, Ocwen has requested that the Court take judicial notice of the SEC filing and Cease and Desist Order as evidence of the fact that American Brokers was subsidiary of American Home Mortgage Corp. and authorized to lend money to borrowers in Massachusetts at the time of the loan transaction at issue in this case. Plaintiffs present no contrary evidence and instead resort to an effort at criticizing SEC and Division of Banks records.

To the extent Plaintiffs argue that the loan transaction was void because American Brokers was not registered as a fictitious name with the local business database, Plaintiffs provide no legal support for the necessity of registration to issue or originate a loan. Even if no certificate filed with a local business database registers American Brokers as a fictitious name, the absence of that certificate does not invalidate the entire loan transaction, does not refute the fact that Plaintiffs received some $12,000 in cash and a refinance amount to discharge a prior mortgage, and that they admit signing the mortgage and note. Moreover, and as now fully briefed and proven with undisputed facts in Ocwen's summary judgment memorandum, Ocwen has demonstrated that American Home Mortgage Corp. was a registered foreign corporation duly-licensed under Massachusetts law, and American Brokers was one of many subsidiaries authorized to conduct business under American Home Mortgage Corp.'s umbrella. Plaintiffs have not and cannot deny the undisputed facts of American Home Mortgage Corp.'s existence and its subsidiary relationship with American Broker Conduit. These undisputed facts, along with Plaintiffs' own admissions that they received a mortgage loan, derived direct benefit from the proceeds of the loan and paid on the mortgage loan for 2 year provide Ocwen valid grounds to collect on the debt Plaintiffs owe. Plaintiffs' FDCPA claim arises out of, is based upon, and fails on a faulty allegation that American Brokers did not exist at the time of the loan origination. Without any evidence to demonstrate an unenforceable loan, Plaintiffs have no FDCPA claim and Ocwen is entitled to summary judgment.

### III. CONCLUSION

For the reasons stated above, and incorporated in its Motion for Summary Judgment, Ocwen respectfully requests that this Court grant Ocwen's Motion for Summary Judgment and enter judgment in favor Ocwen as to Plaintiffs' remaining FDCPA claim.

Attorneys for Defendant,

OCWEN LOAN SERVICING, LLC,

*/s/ Vanessa V. Pisano*
Samuel C. Bodurtha, BBO #665755
Vanessa V. Pisano, BBO #679649
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: (617) 213-7000 / Fax: (617) 213-7001
Email:  sbodurtha@hinshawlaw.com
           vpisano@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Vanessa V. Pisano, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 27, 2018.

/s/ *Vanessa V. Pisano*
Vanessa V. Pisano