**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TIMOTHY C. HARRY and KAREN C. HARRY,<br><br>   *Plaintiff*s,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, APEX MORTGAGE SERVICES, FIDELITY NATIONAL TITLE GROUP, AMERICAN HOME MORTGAGE SERVICING, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-CERTIFICATES, SERIES 2007-2, HOMEWARD RESIDENTIAL, MORTGAGE ELECTRONIC RECORDING SYSTEM, INC., OCWEN LOAN SERVICING and KORDE & ASSOCIATES,<br><br>   *Defendants*. | CIVIL ACTION NO. 16-10895 |

**DEFENDANT OCWEN LOAN SERVICING, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

**I.  INTRODUCTION**

The Plaintiffs, Timothy C. Harry and Karen C. Harry ("Plaintiffs"), present no legal basis for striking either Ocwen Loan Servicing, LLC's ("Ocwen") Summary Judgement Affidavit (the "Affidavit") or Ocwen's 30(b)(6) deposition testimony ("Ocwen's 30(b)(6) Deposition") from the summary judgment record. Plaintiffs challenge the Affidavit by arguing that the affiant was not qualified to testify for lack of personal knowledge of the loan transaction or the licensing and corporate structure of the originating lender, American Brokers Conduit ("American Brokers"). Plaintiffs also attack Ocwen's 30(b)(6) deposition testimony on similar grounds that the witness

did not have first-hand knowledge of the events underlying the litigation and loan transaction and, thus, was not the proper designee. Plaintiffs' arguments lack merit because they ignore the procedural and evidentiary standards on review of summary judgment affidavits, and attempt to create a dispute over whether the loan transaction in question was void and unenforceable, which is not supported by the undisputed facts of this case.

## II.   ARGUMENT

### A. Plaintiffs Present No Valid Grounds to Strike Ocwen's Affidavit Submitted In Support of Its Motion for Summary Judgment

Plaintiffs attempt to strike the Affidavit of Katherine Ortwerth ("Ms. Ortwerth") and certain exhibits attached thereto and to Ocwen's Statement of Material Facts ("SOF") submitted in support of Ocwen's Motion for Summary Judgment[1] by arguing that the Affidavit does not satisfy the business records exception to the hearsay rule. In support of this argument, Plaintiffs claim that Ms. Ortwerth lacked "personal knowledge of the record keeping, business practices, times of the writing, preparations of the writing without being informed by someone else." (Plaintiffs' Motion to Strike, p. 2.) Plaintiffs misinterpret of the business records exception to the hearsay rule.

Plaintiffs' rely on an unpublished California state court decision, *Kern v. Ocwen Loan Servicing, LLC, 2015-00183458-CU-OR*, in support of their argument that Ocwen's Affidavit should be stricken. In *Kern*, the Court held that Ocwen failed to satisfy its burden to demonstrate that no triable issue of material fact exists because the Court found that the affiant did not provide facts showing that he had personal knowledge "regarding the manner/time in which the

---

[1] Specifically, Plaintiffs requests the Court to strike the following exhibits: Exhibit A (Promissory Note); Exhibit E (Mortgage); Exhibit G (Assignment of Mortgage); Exhibit H (Confirmatory Assignment of Mortgage); Exhibit O (Notice of Intent to Foreclosure); Exhibit P (Notice Threatening Litigation); and Exhibit 1 (Ocwen's Payment History).

documents were made." *See id.* Plaintiff's argument mirrors this reasoning and is faulty for the same reasons. The *Kern* Court's holding that the affiant must have personal knowledge of the facts that underlie the case expressly contradicts Massachusetts case law. As such, Plaintiffs' reliance on this California state court decision in entirely inappropriate where it is not binding precedent, does not constitute controlling authority and contradicts existing Massachusetts case law. *Horner v. Boston Edison Co.*, 45 Mass. App. Ct. 139, 140-41 (1998) (finding that unpublished state court decisions are merely persuasive and not binding authority).

Indeed, this Court has comprehensively interpreted the business records exception to the hearsay rule in connection with summary judgment filings and has definitively held that personal knowledge is not required:

> The hearsay exception for business records allows admission into evidence of a record if it was made at or near the time by someone with knowledge, kept in the ordinary course of business, made within a regular course, made within a regular business activity, and all of these requirements are shown by a qualified witness of the records, with no indication of trustworthiness made by the opponent. *In regards to the "qualified witness" requirement of the business records exception, "it is well established that the witness need not be the person who actually prepared the record. A qualified witness is simply one who can explain and be cross-examined concerning the manner in which the records are made and kept.*

*HMC Assets, LLC v. Conley*, 2016 WL 4443152, *3 (D. Mass. Aug. 22, 2016) (emphasis added). *See also In Foregger v. Residential Credit Solutions, Inc.*, 2014 U.S. Dist. LEXIS 46795, at *14 (D. Mass. April 4, 2014) (holding that need not be "the person who actually prepared the record. . . . The rule simply requires that the witness be one who can explain and be cross-examined concerning the manner in which the records are made and kept.") quoting *United States v. Cameron*, 699 F.3d 621, 641 n.10 (1st Cir. 2012). In *HMC Assets*, the defendant borrower challenged whether the affiant met the qualified witness standard, complained that the witness'

attestations were conclusory, and argued no specific evidence was submitted on how the records were created, kept or maintained. *HMC Assets, LLC* , 2016 WL 4443152, at *4. Magistrate Judge Bowler rejected defendant's arguments because: (a) the affidavit demonstrated that the affiant's knowledge and familiarity with how loan documents were made and how the records were serviced and maintained; (b) the affidavit laid out factual statements regarding the loan history based upon his own personal knowledge and review of records; and (c) the affiant is only required to have some familiarity and ability to explain the maintenance of business records in question. *Id.*

Here, contrary to Plaintiffs' contention, the Affidavit satisfies the business records exception. First, the Affidavit describes Ms. Ortwerth's position of Senior Loan Analyst for Ocwen Financial Corporation, whose subsidiary, Ocwen Loan Servicing, LLC, is the servicer for the investor, Deutsche Bank as Trustee. (Ortwerth Affidavit, Doc No. 234-14, ¶ 2.) Second, the Affidavit describes and explains not only Ms. Ortwerth's qualifications but also the review she undertook in order to execute the Affidavit. (*Id.* at ¶¶ 1-5.) Ms. Ortwerth attests to her familiarity of the business records Ocwen Loan Servicing maintains for purposes of servicing mortgage loans, and she attests that Ocwen makes these records at or near the time, or from information provided by persons with knowledge of the transactions reflected in the records, that these records are kept in the ordinary course of business activity, and that it is the regular practice of Ocwen's mortgage servicing business to make these records. (*Id.*) Lastly, Ms. Ortwerth attests that she personally examined the business records that Ocwen submits in support of its summary judgment. (*Id.*) Ms. Ortwerth's attestations demonstrate compliance with all requirements of the business records exception to authenticate the business records Ocwen submits in support of its Motion for Summary Judgment.

The business records exception does not demand that Ocwen present an affiant who actually prepared these business records, as Plaintiffs would suggest. Instead, the business records exception only requires Ocwen's affiant to explain the manner in which Ocwen's business records are made and kept. *HMC Assets*, 2016 WL 4443152, at *3. Without question, the affiant attests to statements of business records' compliance under oath and the pains and penalties of perjury. (Ortwerth Affidavit, Doc. 234-14, at p. 5.)

Moreover, to the extent that Plaintiffs argue to strike certain exhibits attached to Ocwen's SOF and the Affidavit, this argument fails as well. The Affidavit authenticates business records Ocwen submitted as part of its summary judgment record, and attesting to the accuracy of the loan information contained within those business records. In particular, Ms. Ortwerth attests to the authenticity of documents relating to title to the Property, including the Promissory Note (Exhibit A); Mortgage (Exhibit E); Assignment of Mortgage (Exhibit G); and Exhibit H (Confirmatory Assignment of Mortgage). Ms. Ortwerth's attestation that these documents are authentic are based on her personal examination of the business records Ocwen Loan Servicing kept as part of regular servicing of this and all other loans. Ms. Ortwerth also attests to the accuracy of loan information contained in certain documents, notices and correspondence sent to the Plaintiffs by Ocwen, including Ocwen's Payment History (Exhibit 1); Notice of Intent to Foreclose (Exhibit O); and Notice Threatening Litigation (Exhibit P). Again, Ms. Ortwerth authenticated these documents and verified the loan accounting information contained therein by reviewing and analyzing all of Ocwen Loan Servicing's business records relating to Plaintiffs' Loan. Based on her personal examination of Ocwen's business records, she verified that the accounting information contained in the letters—including the total amount past due, reinstatement amount, total debt owed, and status of the loan—was all accurate and correctly

reflected the amounts due and status of the loan at the time the letters were sent to Plaintiffs. (Ortwerth Affidavit, ¶¶ 12-17.) These authenticated business records demonstrate that Ocwen did not provide any misinformation regarding the outstanding debt or mislead Plaintiffs regarding the status of the Loan. Plaintiffs produce no evidence to dispute these facts and instead attempt to strike Ocwen's evidence.

  **B.** **Plaintiffs Present No Valid Grounds to Strike the Deposition Testimony of Ocwen's 30(b)(6) Witness Submitted In Support of Its Motion for Summary Judgment**

  In addition to requesting that this Court to strike certain exhibits attached to Ocwen's SOF and the Affidavit, Plaintiffs also attack Ocwen's 30(b)(6) Deposition based on similar assertions. Plaintiffs' challenge to the deposition testimony of Ocwen's witness, Katherine Ortwerth (the same employee who signed the Affidavit), is premised on the argument that she was not qualified to testify for lack of personal knowledge of the loan transaction, and knowledge regarding the lender, American Brokers. (Plaintiffs' Motion to Strike, pp. 11-12.) Plaintiffs' argument misses the mark for several reasons. At the outset, Plaintiff's Motion to Strike Ocwen's 30(b)(6) Deposition testimony is inappropriate and should be denied. If the Plaintiffs were not satisfied with the deposition testimony of Ocwen's 30(b)(6) witness, the proper recourse would have been to file a motion to compel; not a motion to strike.

  Moreover, even if this Court were to consider Plaintiffs' request to strike the 30(b)(6) deposition testimony, Plaintiffs' argument still fails because they cannot prove that Ocwen failed to comply with its Rule 30(b)(6) obligation. "In determining whether a corporate deponent has met its Rule 30(b)(6) obligation, courts examine the degree and type of effort made by the organization to prepare the witness in light of the deposition topics." *Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, CA No. 11-048ML, 2013 U.S. Dist. LEXIS 47582, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013). Particularly when, as here, the list of topics was relatively long and those

topics are broadly defined, "[t]he fact that the designee cannot answer every question posed at the deposition does not mean that the organization failed to satisfy its obligation to prepare the witness." *Cooper v. Charter Communs., Inc.*, No., 2016 U.S. Dist. LEXIS 48408, at *4-6 (D. Mass. Apr. 11, 2016) quoting *Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, 2013 U.S. Dist. LEXIS 22986, at *6 (D. Colo. Feb. 19, 2013).

Plaintiffs' argument that Ms. Ortwerth's deposition testimony must be stricken because she did not have personal knowledge of the loan transaction is incorrect. Under Fed. R. Civ. P. 30(b)(6), the deponent need not have personal knowledge of the matters set out in the deposition notice, as long as the deponent adequately prepares for the deposition. *Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36 (D. Mass. 2001), citing *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C., 1989) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation."). Here, other than Plaintiffs' self-serving allegations, there is no evidence to even suggest that Ms. Ortwerth did not adequately prepare for the deposition or that she did not provide meaningful information about any of the designated areas of inquiry. Quite the opposite, as that designee, Ms. Ortwerth did not rest on her personal knowledge. Rather, she took reasonable and substantive steps to prepare for the Rule 30(b)(6) deposition: she reviewed and analyzed all of the business records relating to Plaintiffs' loan in preparation of the deposition; and she met with Ocwen's counsel to extensively prepare for the deposition by reviewing the Schedule A topics.

Furthermore, during the deposition, Ms. Ortwerth answered the vast majority of questions and also provided detailed answers and information relating to Plaintiffs' alleged FDCPA claim,

including Ocwen's servicing of the loan and efforts to foreclose after Plaintiffs' default. This is far from a case in which the deponent's inability to answer every question posed by plaintiffs' counsel was "'tantamount to a complete failure' of the corporation to appear." *Berwind Prop. Grp., Inc. v. Envtl. Mgmt. Grp., Inc.*, 233 F.R.D. 62, 65 (D. Mass. 2005) (quoting *United States v. Mass. Indus. Fin. Agency*, 162 F.R.D. 410, 412 (D. Mass. 1995)); *contrast, e.g., Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33 (D. Mass. 2001) (company made no effort to educate Rule 30(b)(6) deponent and disclaimed any obligation to do so). Because Ocwen produced a deponent who was adequately prepared to testify, Plaintiffs have no basis for seeking the deposition testimony be stricken from the summary judgment record.

Moreover, Plaintiffs' argument that Ms. Ortwerth was required to have an understanding about the lender's corporate structure and licensing is also improper. Indeed, Ocwen is under no obligation to verify the debt after Plaintiffs disputed the Loan as non-existent. Numerous courts have concluded that the FDCPA does not require a debt collector to independently investigate the merit of the debt and that a debt collector can rely on its clients' representations regarding the validity of the debt. *See e.g., Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1174 (9th Cir. 2006) ("Within reasonable limits, [Defendants] were entitled to rely on their client's statements to verify the debt. Moreover, the FDCPA did not impose upon them any duty to investigate independently the claims presented[.]") (internal citations omitted); *Rudek v. Frederick J. Hanna & Assoc., P.C.,* No. 1:08–cv–288, 2009 WL 385804, at *2 (E.D.Tenn. Feb. 17, 2009) *161 (collecting cases); *Shapiro v. Haenn,* 222 F.Supp.2d 29, 44 (D.Me.2002) ("[D]ebt collectors may rely on the information their clients provide, and the FDCPA does not require them to conduct their own investigation into the amount or validity of the underlying loan.") (citations omitted). This remains true even when the consumer has specifically

challenged whether the amount alleged is due at all. *See, e.g., Becker v. Genesis Fin. Servs.,* No. CV–06–5037, 2007 WL 4190473, at *7 (E.D. Wash. Nov. 21, 2007); *Bleich v. Revenue Maximization Grp., Inc.,* 233 F.Supp.2d 496, 500 (E.D.N.Y.2002); *Ducrest v. Alco Collections, Inc.,* 931 F.Supp. 459, 462 (M.D. La. 1996). Because Ocwen's witness adequately prepared to be deposed, provided meaningful answers and information relevant to Plaintiffs' FDCPA claim, and was under no obligation to provide information relating to the originating lender's corporate structure or licensing other than what could be ascertained from her review of Ocwen's business records, Plaintiff's Motion to Strike as to Ocwen's 30(b)(6) Deposition should be denied.

## III.   CONCLUSION

For the reasons stated above, Ocwen respectfully requests that this Court deny Plaintiffs' Motion to Strike the Affidavit of Katherine Ortwerth, certain exhibits attached to the Affidavit, and Ocwen's 30(b)(6) Deposition.

Attorneys for Defendant,

OCWEN LOAN SERVICING, LLC,

*/s/ Vanessa V. Pisano*
Samuel C. Bodurtha, BBO #665755
Vanessa V. Pisano, BBO #679649
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: (617) 213-7000 / Fax: (617) 213-7001
Email:  sbodurtha@hinshawlaw.com
          vpisano@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

I, Vanessa V. Pisano, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 27, 2018.

      /s/ *Vanessa V. Pisano*
      Vanessa V. Pisano